ALBANY,
January, 1818.

MERSEREAU
v.
NORTON.

------◦⁕◦------

## L. MERSEREAU *against* NORTON.

IN ERROR, on *certiorari*, to a justice's court.

The action was trespass, for taking and selling a yoke of oxen, brought by *Norton* against *Mersereau.* It appeared that the oxen were owned by the plaintiff below, and one *Amasa Norton ;* that an attachment under the absconding sconding debtor is a tenant in common with another, though it be in the possession of his co tenant. But the sheriff can sell only the undivided moiety or interest of the debtor, and the purchaser, at such sale, becomes a tenant in common with the other co-tenant, who cannot, therefore, m intain trespass or trover against him, the tenancy in common not being severed or destroyed by the sale.

Under an attachment issued in pursuance of the act against absconding and absent debtors, the sheriff may take and sell property of which the absent.

ALBANY,
January, 1818.

MERSEREAU
v.
NORTON.

debtor act was issued against *Norton*, and the oxen in question were taken by the sheriff out of the possession of the plaintiff below, the defendant below being in company with the plaintiff, and ordering him to take them. The plaintiff below forbade the taking, but said nothing about claiming them. The oxen were afterwards sold by the *trustees*, who were duly appointed. The plaintiff below forbade the sale. The defendant, being present, directed the sheriff to proceed and sell, and the oxen were purchased by *Peter Mersereau.* The jury gave a verdict for the plaintiff, for 25 dollars.

*Per Curiam.* The defendant in the court below pleaded not guilty, and stated that he should justify under the statute for giving relief against absent and absconding debtors. Why the defendant below interfered in any manner to direct the sheriff who had the attachment, does not appear. It is most likely that he was a creditor of *Amasa Norton*; but unless the sheriff was a trespasser, the defendant below could not be deemed so. He must be justified equally with the sheriff, under the attachment. There does not seem to be any complaint that the proceedings under the attachment were not regular; and the only question that appears to be raised on the return is, whether a sheriff, under an attachment like this, has a right to take and sell property of which the absconding debtor was only a tenant in common, when that property is found in the possession of the other co-tenant. Of this there can be no doubt. There is no other way to get at the interest of the one against whom the attachment issues. It is observable in this case, that although upon the trial it appeared that the plaintiff below and the absconding debtor were tenants in common of the oxen, yet neither when they were first taken, nor when they were sold, did the plaintiff allege this, or that he had any claim to the property. Had a claim of property been interposed, the sheriff must have summoned a jury to try the right, and the sale would have been only of the interest of the absconding debtor, as in case of a sale under an execution of the property of joint partners. The sheriff, in such cases, seizes all, and not a moiety of the goods sufficient to cover the debt, and sells a moiety thereof undivided,

and the vendee becomes tenant in common with the other partner. (*Salk.* 292. 1 *East,* 367.) Although the sheriff sold the oxen as the sole property of *Norton,* yet no more than his interest passed, and the plaintiff below became tenant in common with the purchaser. The sheriff who took the oxen, and all who aided him, and the purchaser, must certainly have all the rights and interest of *Norton,* the absconding debtor; and one tenant in common of a chattel cannot maintain trover or trespass against his co-tenant. This doctrine is expressly laid down by *Littleton,* (§ 323.) and sanctioned by Lord *Coke,* who says, if one tenant in common take all the chattels personal, the other has no remedy by action, but he may take them again; this has been so held by this court. (2 *Johns. Rep.* 468.) The sale here was not such a destruction of the property as to destroy the tenancy in common, as will be seen by the distinctions taken upon the trial, in *Wilson* and *Gibbs* v. *Reed.* (3 *Johns. Rep.* 176.) The judgment must be reversed.(*a*)

(*a*) Vide *Moody* v. *Payne,* 2 *Johns. Ch. Rep.* 548,