## NATHANIEL HATCH *vs.* STEPHEN KIMBALL.

Where one pays to the holder of a mortgage the amount due thereon, and takes a deed of quitclaim, if the intention to extinguish the mortgage appear at the time, it is decisive of the question ; but if no such intention appear, equity presumes the mortgage to be outstanding, or extinguished, as the interest of the party paying may require.

The courts of common law in *Massachusetts* and *Maine* have adopted this rule of chancery.

A merger is prevented, and the mortgage upheld, where there is a strong equity in favor of it, but never where it is not for an innocent purpose.

If the owner of land knowingly stands by, and suffers another to purchase it and expend his money thereon, under an erroneous impression that the legal title is acquired thereby, without making his own title known, he shall not afterwards be permitted to exercise his legal right against such purchaser.

Parol evidence is admissible to prove the conduct of the party, to the end, that he should not be permitted to have the benefit of an equitable presumption in his favor.

The question whether an equitable presumption shall, or shall not, be allowed in a court of law, acting upon equitable principles, is to be decided by the Court.

But the Court may however, for their own information, direct certain facts to be found by the jury.

THIS is the same writ of entry which was before the Court on the then state of facts of which report is found in 14 *Maine R.* 9. The additional facts appearing on the new trial will be found in the opinion of the Court now given. The counsel for the tenant requested EMERY J. before whom the trial was had, to instruct the jury, that if they were satisfied that the tenant did not upon inquiry by the creditors disclaim any right or interest in the property, then they should find their verdict for the tenant. The Judge declined to give the instruction requested, and directed them, that if from the evidence they were satisfied, that *Stephen Kimball*, at

the time of the levy, knew that the bond was executed and delivered to him, and that he was present at the levy, and pointed out the bounds of the property, and made no claim to it, knowing it was to be taken as *Daniel Kimball's* property, and became tenant to the execution creditors, and continued to hold under them and the plaintiff, and assisted in repairs, making no claim to the property, they would return a verdict for the plaintiff, otherwise for the defendant. The verdict was for the demandant.

*Abbott*, for the tenant, argued, 1. That the instructions given were erroneous. The paper title is with the defendant. If there had been ground to charge fraud, the question whether there was fraud or not, was for the jury and not for the Court. If the statements or acts of the defendant were made or done under a mistake of the law, it was no evidence of fraud, and ought not to prejudice him. The possession of the defendant was notice of the bond, equal to recording. 2 *Johns. R.* 510 ; 1 *Johns. Ch. R.* 394 ; 1 *Story's Eq.* 392 ; *Hurd* v. *Cushing,* 7 *Pick.* 169 ; *Tucker* v. *Buffum,* 16 *Pick.* 46. 2. The parol evidence ought not to have been admitted to destroy or take away a title. 6 *Johns. R.* 21 ; 7 *Johns. R.* 186 ; 16 *Johns. R.* 302 ; 4 *Wend.* 474 ; 4 *Cowen,* 587 ; 5 *Cowen,* 175 ; 6 *Cowen,* 751 ; *Whitney* v. *Holmes,* 15 *Mass. R.* 152.

*Rogers*, for the defendant, and *Hatch, pro se,* said that the record title was with them, and the other party must defeat it, or there was no defence. It is not defeated by the bond from *Daniel Kimball* to the tenant. It was never recorded, and cannot be good against creditors without notice. *Stat.* 1821, *c.* 39, *s.* 1. *Newhall* v. *Pierce,* 5 *Pick.* 450 ; *Same* v. *Burt,* 7 *Pick.* 157. Nor does the fact of the continued possession of the tenant, under the circumstances proved, amount to implied notice. *Newhall* v. *Pierce,* 5 *Pick.* 450 ; *Lawrence* v. *Tucker,* 7 *Greenl.* 195, and cases there cited. The tenant has acquired no title under the mortgage to *Peabody. Somes* v. *Skinner,* 3 *Pick.* 52 ; *Fairbanks* v. *Williamson,* 7 *Greenl.* 96. The mortgage was not assigned, but paid and discharged. *Wade* v. *Howard,* 6 *Pick.* 492 ; *Popkin* v. *Bumstead,* 8 *Mass. R.* 491 ; *Wade* v. *Howard,* 11 *Pick.* 289 ; *Gibson* v. *Crehore,* 3 *Pick.* 475, and 5 *Pick.* 146 ; *Free-*

*man* v. *Paul*, 3 *Greenl.* 260. The doctrine of upholding a mortgage instead of considering it a discharge is one of equity. 3 *Ves.* 339; 15 *Ves.* 173; 3 *Johns. Ch. R.* 53; 6 *Johns. Ch. R.* 417; 5 *Johns. Ch. R.* 35 and 314. A man who has the title, and stands by and sees another purchase it under the supposition that he acquires a good title, and is silent, is guilty of a fraud, and shall be bound by the sale. 1 *Johns. Ch. R.* 354; 6 *Johns. Ch. R.* 166; 1 *Story's Com. on Eq.* 377; 12 *Ves.* 84; 2 *Atk.* 83; 1 *Sch. &amp; Lef.* 73; 5 *Ves.* 688. The parol evidence was admissible to show the character and intention of the possession of the tenant. *Little* v. *Libby*, 2 *Greenl.* 242; *Sewall* v. *Sewall*, 8 *Greenl.* 194; *Dennett* v. *Crocker*, 8 *Greenl.* 239.

The opinion of the Court, after advisement, was drawn up by

SHEPLEY J.—When this case came before the Court on a former occasion, 14 *Maine Rep.* 9, the tenant was allowed the benefit of an equitable presumption, it being for his interest to keep the mortgage on foot and thereby obtain a title, that he did not intend, by paying it off, to extinguish it. It was, however, perceived, although there was then no testimony in the case to establish it, that he might by his conduct have forfeited all claim to such equitable presumption. It was then stated, that if he had disclaimed the title, he would not afterward be permitted to set it up to the injury of others. The case having been again submitted to a jury, it now appears, that after the tenant had paid off the mortgage, and taken a release of the premises, having deeded to *Daniel Kimball*, and being still in possession, he knowingly suffered two executions to be extended upon part of the premises, as the property of *Daniel*, without making any claim of title. He pointed out the bounds at the time of levy, and agreed to become a tenant under that title, and to pay rent. This tenancy he appears to have continued to 1829, and to have rendered to the plaintiff an account of repairs made by him, as tenant, during that time. The plaintiff then commenced repairing the buildings, and between that time and the year 1832, made important alterations in the house, expending between one and two thousand dollars upon it, and putting another tenant into part of the premises for one year. No claim appears to have been asserted by virtue of the mortgage, until after the

plaintiff, knowing all these facts, had purchased the title, and was about to take possession. It does not appear, that any inquiries were made of him, or that the tenant made any disclaimer of the title. It was not to be expected, that inquiries would be made whether one owned an estate, which he had treated as the estate of another, by submitting to his title, and agreeing to pay him rent.

The question is, whether, after such a course of conduct, without any disclaimer in words, that mortgage can be set up against a title derived from the tenant himself.

It is, in each case, a question of intention, whether or not there is an extinguishment of the charge upon the estate. If, at the time the mortgage is taken in, the intention to extinguish it appears, that is decisive. If it does not, equity presumes it to be outstanding, or extinguished, as the interest of the party may require. 18 *Ves.* 384; 3 *John. Ch. R.* 53. The common law courts in *Massachusetts* and *Maine,* appear to have adopted the rule in chancery. This merger is prevented and the mortgage is upheld only in special cases, where there is a strong equity in favor of it. And never where it is not for an innocent purpose. *Kent* says, that no instance is to be found, where the charge has been kept on foot by the court, when a fraud would be committed, if the merger was not admitted to operate according to the principles of law. *James* v. *Johnson,* 6 *Johns. Ch. R.* 417.

Again he says, "there is no principle better established in this court, nor one founded on more solid considerations of equity and public utility, than that which declares, that if one man, knowingly, though he does it passively by looking on, suffers another to purchase, and expend money on land, under an erroneous opinion of title, without making it known, he shall not afterward be permitted to exercise his legal right against such person." 1 *Johns. Ch. R.* 344. The same principle is recognized in 2 *Sum.* 206. The principles of merger are not strictly applicable to this case, for the tenant, at the time when he paid off the mortgage, had not the legal title to the equity of redemption. But he stood in such relation to it, that upon an inquiry whether the mortgage was extinguished or not, he is bound by the same rules. The deed of release from *Buck* to him recites a payment of the balance due upon the mortgage, and there is nothing in the transaction to show that

---

---

it was intended to be kept alive. The tenant has, for a long time, conducted as if he considered it as extinguished. And it is now only to be kept on foot by calling in aid the equitable principle, that it was most for his interest. This equitable presumption cannot be admitted, because it is rebutted by a stronger equity on the part of the demandant, and because it would allow the tenant to make use of it for fraudulent purposes. The tenant must be presumed to have designed to conduct honestly, and such could not have been his design unless he regarded the mortgage as extinguished.

It is objected, that the jury found only certain facts, and not fraud. If this had been a case in which a deed was to be decided to be fraudulent, and void on account of the fraud, that should have been found by the jury. But the question here presented, was, whether the tenant should be allowed the benefit of an equitable presumption, and that, when a common law court acts upon equitable principles, must be decided by the court. And the finding of the facts by the jury, is only useful to establish the facts for its information.

The testimony admitted does not fall within the rule, established by the cases cited for the tenant, that parol testimony cannot be received to destroy or take away a title. The conduct of the party was admitted to be proved, not to destroy a title, though it might have been received to make out a fraud for that purpose, but to prevent his having the benefit of an equitable presumption.

This case presents an instance, in which a common law court, by having adopted equitable principles, is obliged to modify its proceedings before the jury, and its ultimate results, in conformity to them.

*Judgment on the verdict.*