By the Court,

Cowen, J.
The question was properly submitted to the jury by the court below, on the question of Cook’s assent to the sale. There being no consent, we think trespass de bonis was properly brought. True, the taking was lawful. The marshal came, by the levy, into the place of JBowne the co-tenant, thus acquiring and holding the possession. So far, there can be no just complaint; and it would seem by the case of Merscreau v. Norton, (15 John. 179,) that though the marshal went on and sold the whole property, yet trespass would not lie by Cook against the purchaser. The legal effect of the sale was merely to vest Bowne’s share in the purchaser, who thus became a tenant in common with Cook; and so not liable in trespass, .unless he destroyed the chattels. (Id. 179, 181.) Chancellor Kent has remarked, that a sale of the whole interest by one co-tenant would subject him to either trover or trespass at the suit of his co-tenant. (2 Kents Com. 350, note b, 4th ed.) That trover would lie, we lately held in White v. Osborn, (21 Wend. 72; and vid. Barton v. Williams, 5 Barn. & Ald. 395.) It is said, that none of the cases cited by Chancellor Kent, except Mersereau v. Nor *49 ton, wherein judgment was against the plaintiff, were actions of trespass; and that seems to he so. I have not, however, examined them very particularly, because I have come to the conclusion that the case at bar depends on considerations other than those which pertain to the mere relation of one tenant in common or joint tenant to another. The latter may take the exclusive possession of the chattel in respect to his common title; and it may be wrong to say that for a mere sale he shall be liable in trespass. But the sheriff, (or here the marshal,) acts under an authority in law, which, though it extends to a total dispossession of both the co-tenants by an execution against one, yet the same law denies him the right to sell the entire property. In attempting to do so, though the act be nugatory, yet the law may well treat it as such an abuse of legal authority, as renders him a trespasser ab initia. This is the exact case of Melville v. Brown, (15 Mass. Rep. 82,) which, though it does not appear to have been much considered, yet was distinctly, and we think properly, placed by the court on the principle mentioned.-
Judgment affirmed.(a)

 The case of Phillips v. Cook, (24 Wend. 389,) decides, that the sheriff may, at law, under a fi. fa. against one of several partners for his individual debt, seize and sell his share; and that in so doing, the sheriff may take possession of and remove the whole, and deliver the whole to the purchaser. (S. P. Reed v. Shepardson, 2 Verm. R. 120; Whitney v. Ladd, 10 id. 165 ; Welch v. Clark, 12 id. 686.) But the case itself, and the authorities cited, will be found to give no sanction whatever to the idea that the sheriff would be protected against an action of trespass, trover or replevin, at the suit of the other partners, provided he should expressly sell the whole interest. Chief Baron Comyn laid down the rule with a like restriction in the King v. Manning, (Com. Rep. 619, decided in 12 Geo. 2.) He said—“ If A., B. & C. are partners, and judgment and execution is sued against A. only, his share of the goods can be sold. It is true the sheriff may seize the whole, because the share of each being undivided cannot be known; and if he seize more than a third part, he can sell only a third part of what is seized; for B. & C. have equal interest with A. in the goods seized : but the sheriff can only sell the part of him against whom the judgment and execution , was sued.” He cited several of the cases relied upon in Phillips v. Cook, all of which will be found to contain the restriction, that the debtor’s share alone can be sold by the sheriff That case held that the sheriff having a right to take the goods *50 and sell them, necessarily took the incident»! power of delivering them tq the purchaser—that this was conferred by the law—according to the principle laid down in Williams v. Amory, (14 Mass. Rep. 27;) viz, “ when the law authorizes an act, and nothing is done but whát is necessary to accomplish the act, those who perform it ;nay not he considered trespassers,” Therefore it was held, that a statute authorising the sheriff to sell the debtor’s real estate on execution, conferred, as a necessary incident, the right to enter and levy orí a reversionary interest of the debtor in the land. Again, it is said, “ In no case can a person be liable to an action as for a tort, for an act which he is authorized by law to do.” (Calender v. Marsh, 1 Pick. 418, 435. Vid. what was said by Walworth, Ch. in Burrall v. Acker, 23 Wend. ,609, 610.)
For the act of selling the proper share, and delivering possession qf the whole, therefore, no action will lie by any one. And though the sheriff should even assume to sell the whole, it may be quite doubtful whether an action would lie by all the partners or their assignees. Such would probably be a misjoinder, within the reasoning in 24 Wend. 397, and the case of Owjngs v, Trotter, cited there, which will also be found directly sustained by the decision of the K. B. in Jones v. Yates, (9 Barn. Cress. 532 4 Mann, Ryl. 613, S. C.)
But it is believed that no case can be found, save Mersereau v. Norton, cited in the text, denying the right of the injured partner, in his own name alone, to sue the officer. It is indeed true, as said in that case, that the legal effect of the sheriff’s misconduct, carries no right to the purchaser beyond tlie particular share; but the principle that here is an authority given by law, which the sheriff has abused by going positively beyond it, and committing a misfeasance, was not adverted to. His right was to take and deliver possession of the particular goods seized, barely on the ground that he could not otherwise satisfy the exigency of the writ; like his entering the house of a stranger to take the goods of the debtor which happen to be there. Re is bound in that case, to do no unnecessary damage to the stranger in the exercise of his authority ; and should he take the goods of the stranger in.the house, or sell them, could there be a doubt that this would be such an excess as to render him a trespasser ab initia ? So, of the shares not liable—though possession b.e necessarily taken, y.et a sale, or the exercise of any control over the property of a stranger to the writ, is a wrong; it is an excess of the legal authority, and the stranger having a present right of possession, even after a delivery to the purchaser, may maintain his action as for a conversion of his own share, provided he sue in his own name alone. The objection which arises against trespass by the reversion-er, for the sheriff seizing and selling the reversionary interest under an execution against the bailee for a term of time, does not, therefore, arise. That goes on the plaintiff not having a right to the possession of the goods at the time of the seizure, either exclusively or in common with any .other person. Thus, though a sheriff may seize and sell the debtor’s property, subject to the lien óf A.; yet if he advertise or sell absolutely, A. may bring replevin. (Wheeler v. M’Farland, 10 Wend. 318.)
It is entirely settled, that the sheriff cannot sell any more than the debtor partner’s share. The doubt has been whether, even at law, he may sell that. In some cases it is said that he cannot; and a recent learned opinion has *51 been delivered to that effect by Parker, J. of the N. H. superior court. (Morrrison v. Blodgett, 8 N. Hamp, R. 238.) The contrary was settled by Phillips v. Cook, as the general rule in this state; and most of the authorities on the point adverted to. The doctrine of preference in favor of partnership property, was there held to belong exclusively to a court of equity, as it has been also held in several other states. (Vid. in addition to the cases cited in 24 Wend. 402, 3, Chatzel v. Bolton, 3 M'Cord, 33, in connection with Bowden v. Schatzell, Bail. Eq, Rep. 360. Vid. also Burton v. Green, 3 Carr. & Payne, 306, and the note to that case; Vienne v. M'Carty, 1 Pall. 154; SIcGoombe v. Punch, 2 id. 73; Goodwin v. Richardson, 11 Mass. Rep, 472, per Jackson, J.)