CITED in *Ayres* v. *Mor. & Es. R. R. Co.*, 5 *Dutch.* 395; *Ripley* v. *N. J. R. R. & Tr. Co*, 2 *Vr.* 393; *Compton* v. *Van Valkenburgh*, 5 *Vr.* 135.

## ALLEN & VAIL v. AGNEW.

Goods upon demised premises, of which the tenant is owner jointly with a stranger, may be distrained for rent, but as on an execution or attachment, only the interest of the tenant can be distrained and sold.

This was an action of replevin, brought by the plaintiffs for goods of which they were joint owners; the defendant, by his plea, avowed the taking as a distress for rent due to him from Allen, one of the plaintiffs.   To this the plaintiffs demurred.   The question raised was, whether goods jointly owned by two persons could be distrained for rent due from one of them.

Argued by Mr. *Keasbey* in support of demurrer, and Mr.

*Kingman* against it, before the CHIEF JUSTICE and Justices ELMER and POTTS.

Mr. *Keasbey* for the demurrer, cited *Rev. Stat.* 65, § 8.

Mr. *Kingman,* contra, 1 *Zab.* 46, *Brown* v. *Bissett;* 4 *Hals.* 110, *Hoskins* v. *Praul.*

ELMER, J. The question arising upon this demurrer, is whether goods and chattels belonging to the tenant and another person, are subject in this state, to be distrained for rent. It depends upon the true construction of the statute concerning distresses, (*Rev. Stat.* 65, sec. 8,) which provides that it shall be lawful for the landlord to distrain for arrearages of rent, "any of the goods or chattels of his, her or their tenant or tenants, and not of any other person, although in possession of such tenant or tenants."

In the case of *Hoskins and Kinsey* v. *Praul,* 4 *Hal.* 110, it was held that the separate goods of one of three joint lessees, were liable to a distress for rent due by the three jointly, and that too, when they had been assigned to trustees for the payment of creditors, before the rent became due. This is not a case in point; but the court gave the statute a reasonable and not a literal construction, saying, that the evil meant to be corrected by it, was the injustice of seizing the property of a stranger, when it happened to be brought on some lawful occasion and for some lawful purpose, upon the premises, and applying it to the payment of a debt of the tenant. In the case before us, it is altogether reasonable and just that the interest of the tenant, in the goods and chattels in his possession on the premises, should be held liable for the payment of his rent. They might have been seized on an execution against him, or by virtue of an attachment, if he had absconded. *Brown* v. *Bissett,* 1 *Zab.* 46.

The argument used against giving such a construction to the statute as will render a tenant's part interest in goods and chattels liable to a distress for rent, was, that a distress, in its very nature, takes and detains the goods and chattels

themselves, and holds them liable for the rent, without regard to ownership. This was so at the common law, but it is not so now. Only the tenant's goods and chattels can be distrained, and they are not to be kept merely as pledges, but they are to be appraised and sold, to make the rent and charges. The machinery differs somewhat from an action and a judgment and execution ; but a distress for rent is now, in effect, a seizure and sale of the tenant's property to pay his debt; and I see no more difficulty in seizing and selling the interest of a part owner by one mode, than by the other. The rights and remedies of the other owner will be the same. Had there been a *fieri facias* against Allen alone, the officer might have seized the property in his possession, and sold his undivided interest therein, and the purchasers would have become tenants in common with the other owner. As the taking and detention of the whole was right, it is properly justified by the avowry. Should the defendant recover his rent in this action, it is true he will be entitled to a return of the goods, but there can be no difficulty in so modifying the subsequent proceedings in that event, as to meet this case; or if the defendant thinks proper to have the arrears of his rent, and the value of the goods and chattels distrained ascertained, pursuant to the thirteenth section of the act for the better regulation of actions of replevin, (*Rev. Stat.* 119,) the value must be confined to the value of the interest which could by law be legally distrained, and thus the rights of both parties will be protected and the statute fairly carried into effect. I am, therefore, of opinion that the demurrer must be overruled and judgment rendered for the defendant.

THE CHIEF JUSTICE. The only question presented by the demurrer in this case is, whether goods in the possession of the tenant upon the demised premises, owned by the tenant in common with a third person, can lawfully be distrained for rent. At common law, all goods (except those specially exempted) found upon the demised premises, whether belonging to the tenant or to a third person, were liable· to

distress for rent. (3 *Black. Com.* 8; *Hoskins* v. *Praul,* 4 *Hals.* 110.)

The statute (*Rev. Stat.* 66, § 8) authorizes the landlord to distrain the goods and chattels of the tenant, and *not of any other person,* although in possession of the tenant, which may be found on the demised premises. It is insisted that, under the provision of the statute, goods owned by the tenant jointly with another, being upon the demised premises, in the possession of the tenant, cannot be distrained. But neither the policy nor the language of the statute requires such construction. The design of the statute was to alter the common law so far, and no further, as to exempt the property of third persons from liability for the debt of the tenant. Partnership goods, owned jointly with another, are as much the property of the tenant as of the other owner. The utmost effect that can be given to the language of the statute, is to exempt the interest of the third party in the goods from being applied to the payment of the rent.

Under an execution or attachment, the goods of the defendant alone can be taken to satisfy the plaintiffs' claim. Partnership goods in the possession of the defendant may, nevertheless, be levied upon or attached to satisfy the debt, though the interest of the defendant only can be appropriated to that purpose. *Heydon* v. *Heydon, Salk.* 392; *Eddie* v. *Davidson,* 2 *Doug.* 650; 1 *Arch. Prac.* 269; *Curtis* v. *Hollingshead,* 2 *Green* 402; *Brown* v. *Bissett,* 1 *Zab.* 50.

There is no difficulty in applying the same principle, and adopting the same practice, in the case of a distress for rent. Partnership goods in the possession of the tenant, may be taken and seized as a distress for rent, though the interest of the tenant only, in the goods, can be applied in satisfaction of the landlord's claim.

POTTS, J. I concur in overruling the demurrer. On an execution against one partner, the partnership property may be taken, and replevin will not lie to recover it back, (*Serngham and Mackie* v. *Carter and Labagh,* 12 *Wend.* 131), though it is said the sheriff can sell only the interest, which

such partner has in the property after the partnership debts are paid. (*Smith's Case*, 16 *John*. 106, and see note.) In *Eddie* v. *Davidson, Douglass*, 627, where the sheriff had sold the whole property, the court directed an account to be taken, and the share of the other partner to be paid over to his assignees. In *Kimball* v. *Thompson*, 4 *Cushing*, 447, it was held that replevin cannot be maintained by one who has only an undivided share in the property; but if the property is sold by the sheriff under an execution against one, the other tenant in common has his remedy against him for his moiety of the proceeds. The same action is recognized in *Hart* v. *Fitzgerald*, 2 *Mass.* 509 ; *Ladd* v. *Billings*, 15 *Mass.* 17. In *Brown* v. *Bissett*, 1 *Zab.* 46, it was held that partnership property may be attached to answer the debt of one partner, subject to the partnership debts; and in *James* v. *Burnet*, *Spenc.* 639, that it may be seized in execution, upon a judgment against one of the partners. The phraseology of statute, (*Rev. St.* 65, § 8,) does not interfere with these principles; it is the property of Allen only, that is distrained in fact; but he cannot have replevin because he is the tenant in arrears, and his interest is rightly distrained—nor can Vail, for he has but an undivided share in the property, and the landlord's right is as broad as his.

Demurrer overruled.