The Court

overruled the objection and admitted the evidence. The sheriff was not bound to set forth the judgments, as the writs delivered to him were his authority for the levy; but if the plaintiff had had occasion to rely upon them in the action to maintain his right to recover, he would have been obliged to set out the judgments.
Andrew J. McColley was then called as a witness for the defendant, to prove the interest and partnership of Nutter L. Davis in the goods, but he was objected to on the other side, and was excluded by the Court, on the ground that he was jointly bound with Nutter L. Davis in the judgments and the writs thereon, and as he might have the whole debt himself to pay, he had an interest to make out the available means of his co-debtor liable to the executions as large as possible, and to establish the property of Nutter L. Davis in the goods, and was therefore to gain or lose by the event of the suit.
The counsel for the plaintiff" insisted, in the argument to the jury, that Nutter L. Davis had no interest or property in the goods, that the plaintiff was the sole owner of them, and that no partnership existed between them. That the existence of the partnership was alleged on the other side, and upon the defendant therefore devolved the duty of establishing it. As to what will constitute a partnership, he cited Gilpin v. Temple et al., 4 Harr. 191; Beecham v. Dodd, 3 Harr. 485; Col. on Partn., secs. 822, 828; and asked the Court to charge the jury, even if they should be satisfied that there was a partnership, as alleged, that the sheriff had no right or authority, under the writs against one of the partners, to seize and take the whole of the goods and *231 to turn the plaintiff out of the possession of his share of them, and that he was a trespasser as against him in doing so; because there was a distinction between levying upon the undivided share and interest of an individual partner, and taking into his actual possession the whole partnership goods. 15 Mass. Rep. 82; Col. on Partn., sec. 822. He could only sell the undivided interest of the partner bound by the execution, and, as the seizure under the writ was only a seizure in law, he could seize no more than he could sell, which was merely the undivided interest of that particular partner in the property.
For the defendant it was contended that partnerships were usually formed by private articles of agreement between the partners, which, for purposes of their own might he entirely confined to their breasts, in which case it could only he known to and inferred by others from facts and circumstances, such as their acting together as principals and conducting their business as partners; and all the evidence in this case was of a character to sustain that inference ; for every witness had stated that the one appeared to be as much a principal and an owner in the conduct and management of the business as the other. And if the plaintiff was a partner in the business with ifutter L, Davis, that the sheriff had not only the right, but it was his duty to seize and sell the whole stock of goods belonging to the partnership, and in which the latter as one of the defendants in the writs had any share or interest; for one part-owner or tenant in common could not maintain ah action of replevin against another part-owner or tenant in common, or even against a third party for seizing and taking away their joint property. 2 Harr. 129; 2 Mass. 407; 2 Wheat. Selw. N. P. 273; 12 Wend. 131; 14 Johns. 84; Col. on Partn. 709; 15 Johns. 179; 24 Wend. 389. The sheriff was bound to seize the whole of the goods in execution, and to sell and deliver the interest of the partner in the whole of them. 4 Hill, 158. And being hound to seize the whole, if the plaintiff and his brother were *232 partners, the defendant was entitled to a return. of the goods, and if return could not be made, to a verdict for damages to the value of the whole goods.

The Court,

Harrington, Ch. J.,

charged the jury: The main question before the jury was, whether blotter L. Davis, one of the defendants in the writs of execution, was^a copartner with Mark J. Davis, the plaintiff in the present action, in the stock of goods and merchandise seized by the defendant as sheriff. What will constitute a partnership is a matter of law, but whether it exists according to the legal definition, is a question of fact to be determined by the jury. Where the suit is between the partners themselves, strict proof of the existence of the partnership, of the community of profits and losses, and of the contract of copartnership itself, is required. But when-the suit is by a third person against another who is alleged to be a partner, as in this casé, the proof required was different. In such a case, all the. facts and circumstances from which the existence of a partnership may be fairly and reasonably inferred are to be considered by the jury; as, where the party sought to be charged in the action as a partner has admitted the alleged partnership, or has dealt with others as a member of the partnership, or has held himself out in any way, or has represented himself, or obtained or sought to obtain credit for himself or the firm, as a partner) or has jointly participated in the profits of the firm, a partnership may be inferred. Gilpin v. Temple, 4 Harr. 192. But the public advertisements of the store in the name of the plaintiff alone, or proof that the bills for goods purchased, or sold, and the receipts given and taken, that the books were kept and that the whole business was transacted and conducted in the name and upon the credit and responsibility of the plaintiff alone, if done in good faith, would be sufficient to establish his sole right to the goods in question, and if there was no fact proved by the defendant to impeach or rebut the presumption arising from these circumstances, the plaintiff was en *233 titled to recover. If, however, the jury should believe from the evidence before them, that Nutter L. Davis was a partner with the plaintiff in the store and the business, and had a share or interest as such in the goods seized in execution, the defendant would be entitled to a verdict for the return of the goods, or in case a return of the goods could not be had, to a verdict for damages to the value of such share and interest. If Nutter L. Davis was a partner with the plaintiff in the goods, it was the right and duty of the defendant as sheriff to seize the whole of them on the executions, and to sell his undivided share and interest in them, in which case the purchaser would become a part-owner or tenant in common with the plaintiff in them ; and for this purpose, he had a right, if he deemed it advisable to prevent their being wasted or carried away, to take the whole of them into his actual custody and possession, and the plaintiff being hut a part-owner as a partner in them, and because they were liable to such seizure, could not maintain an action of replevin for them against him.
C. S. Layton, for plaintiff.
W. Saulsbury and E. D. Cullen, for defendant.
The plaintiff had a verdict.
. Note.—Houston, J., did not sit in this case, having been of counsel for the plaintiff.