Caldwell *v.* Auger and Hebert.

James Y. Caldwell, Sheriff, &c., Appellant, *vs.* Cleophas Auger and Joseph Hebert, Respondents.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

A, B and C were part owners of certain personal property, C owning one-fourth. The Sheriff holding an execution against C, levied the same upon his interest in the property. B, in the presence of A, who heard and understood him, informing the Sheriff at the time of the levy, that C owned an interest in it, and upon which information the Sheriff made the levy. A and B afterwards replevied the same property, claiming it as joint owners, without stating their separate interests; *Held* that they should not be permitted upon the trial to show a state of facts inconsistent with their statements to the Sheriff, but that they were estopped from showing ownership in the property, to the exclusion of the interest of C.

It is not necessary to plead an *estoppel in pais* under our practice.

Where an officer has an execution against one part owner of a chattel, he must seize the whole chattel, though he can sell only the interest of the Defendant in the execution, and this whether the ownership be by virtue of a partnership relation or as tenants in common.

Points and authorities of the Appellant :
*First.*—The value of the use of the barge was the proper

measure of damages, and it was proper to ask the question, What was such use worth? *See* 1 *Cowen & Hill notes* (2d *Ed*), 760, *and cases cited*; *Sedgewick on Damages*, 592; *Joy vs. Hopkins*, 5 *Denio*, 64; *Bral vs. Slagler*, 23 *Wend*. 354.

*Second.*—The original taking being wrongful, the subsequent detention was wrongful, without any demand, and Plaintiffs were entitled to damages for such detention.

*Third.*—Under the Code an estoppel should be pleaded, wherever the party can plead it. A pleading should allege only that which is true in fact, and should not aver that which exists only by fiction of law. From certain facts the law feigns other facts to exist, which constitutes the estoppel. It is a conclusion or fiction of law. In pleading, the facts from which such fiction or conclusion is drawn should be stated and not the fiction or conclusion itself.

*Fourth.*—Admitting that an *estoppel in pais* need not be pleaded, the question is, do the declarations of one part owner of the vessel estop the other without being assented by him or estop both where both must join in a suit?

1. An estoppel must be reciprocal, and must bind all the parties against whom it is sought to be used. *See Coke upon Littleton*, 354; *Greenleaf's Ev. Sec.* 211; 1 *Bouvier's Law. Dic.* 482.

2. To enable one man to estop another, he must have authority either express or implied.

No express authority was proved, and none from circumstances, unless it be derived from the relation of part owners of the barge.

3. That relation gave no such authority. The authority to estop Auger as to any matter affecting his right or interest in his share of the barge, or any right derivable therefrom, such as the right to the possession, the right to have the barge employed, and to have his share of the proceeds of such employment, was precisely co-extensive with his authority, directly to dispose of, incumber, or do any act affecting such rights. The rule is the same in the case of partners, but the authority of one partner over the partnership property is much more extensive than that of a part owner of a vessel over the vessel.

4. As a part owner, Hebert could not directly sell, dispose of, mortgage, or in any way affect the share interest or rights of Auger. He might sell or mortgage his own share, but could not give to the purchaser any other or greater rights, than he himself had.

5. But the right to levy, claimed by Sheriff, and the right consequent on a levy, so far as they affected Auger, were other and greater than Hebert could give to his purchaser, as against a purchaser Auger would have the right of joint possession to have the barge employed, &c.; but the possession of the Sheriff under the levy would exclude Auger from his right of possession, and suspend all his rights derivable from his part ownership.

6. The declaration of Hebert might estop him sueing alone, but they could not estop Auger sueing alone; nor can they estop him where he is obliged to join Hebert as co-plaintiff. They could affect only Hebert, and could not affect him if at the same time, to give them that consequence, they must affect others not bound by them.

Points and authorities of Respondents :

*First.*—The court erred in allowing the witness, Auger, to be asked the question, " What was the use of the barge worth per week?"     *See case, folio 5.*

*Second.*—The Judge erred in charging the jury that "*under the pleadings* the admissions and declarations of the parties were evidence as to Foret having an interest in the boat, but that the admissions of Hebert, unless ratified by or assented to by Auger, would not impeach the bill of sale to Auger, nor defeat his right under it, and could not operate to estop Auger or the Plaintiffs."

*Third.*—But on the charge as admitted and settled by the Judge, he charges that the admissions of Hebert could not estop the Plaintiffs, and that is error.

*Fourth.*—The admissions of one part owner may be an estoppel as to an action by all the owners on general principles, and should be.

(A.) It cannot operate to injuriously affect the interests of the joint owner who does not join in it—because, as in this

case, Auger could not be deprived of his interest in the boat, and if the other tenants used the boat exclusively, Auger would have his action of assumpsit for his share of the profits. 2 *Caines*, 166 ; 25 *Wend.* 409. And in case of a sale of the *whole* property by Hebert, or by the Sheriff, on the strength of Hebert's admissions, Auger might have his action of money had and received for his share of the price. 2 *Caines*, 166, *or of trover for the conversion of his share*, 21 *Wend.* 72.

*Fifth.*—The Judge erred in his charge that Plaintiffs might recover damages for the detention without proving a demand, and notwithstanding the property was delivered to the Plaintiffs.

*Sixth.*—There is no hardship to the Plaintiffs in applying the doctrine of estoppel in this case. It only goes to the length of saying that the Sheriff shall not suffer for the taking when he relied on the statements of the Plaintiffs. If the Plaintiffs find themselves mistaken, they may before the sale advise the Sheriff thereof, and he would then sell or proceed at his own risk ; but surely until they do so advise him, common sense, as well as common justice and equity, would estop them from bringing this action. It is perfectly apparent, too, that the Judge has evaded a full and fair statement of his charge. On the ground of safety alone, then, a new trial should be awarded.

*Seventh.*—The Judgment should be reversed, and a new trial awarded, with costs to abide the event.

MURRAY & KING and W. H. PECKHAM, Counsel for Appellant.

J. &. C. D. GILFILLAN, Counsel for Respondents.

*By the Court.*—ATWATER, J. Cleophas Auger and Joseph Hebert, the Plaintiffs below, bring an action against the Defendant Caldwell, Sheriff of Ramsey county, for the recovery of the possession of a certain barge, alleged to belong to the Plaintiffs, and to have been wrongfully taken by the Defendant. The answer denies ownership in the Plaintiffs, and alleges part ownership of the boat in one Foret, and avers that the Defendant levied on the boat by virtue of an execution

Caldwell v. Auger and Hebert.

held by him against said Foret.    The taking was alleged to have been on the 7th of June, 1860.

On the trial of the case the Plaintiffs introduced in evidence a bill of sale from Foret to Auger, dated May 27th, 1858, conveying one-fourth interest in the boat.    Other evidence was introduced, showing that previous to this, the boat was owned by the Plaintiffs and Foret.

Evidence was introduced on the part of the Defendant tending to show that the officer went to the boat with the execution against Foret, intending to levy on some wood on the same belonging to Foret, or which it was supposed belonged to him, that he there saw the Plaintiffs, and was informed by Auger that the wood did not belong to Foret, and that Hebert said one half or third of the boat belonged to Foret, and asked why he did not levy on the boat—that thereupon the officer, (Deputy Sheriff,) levied upon the boat, etc.

The Judge charged the jury among other things as follows: " that under the pleadings the admissions and declarations of the parties were evidence as to Foret having an interest in the boat, but that the admissions of Hebert, unless ratified by or assented to by Auger, would not impeach the bill of sale as to Auger, nor defeat his right under it, and not operate to estop Auger, nor the Plaintiffs."

Had the last three words been omitted, this part of the charge to the jury would have been unobjectionable, but including them, it is too broad, and tended to mislead them. Under the pleadings and evidence, there were two principal points presented for the consideration of the jury, to wit: did Foret actually own an interest in the boat; and 2d, have the Plaintiffs estopped themselves from claiming that he had not. An affirmative finding on either of these points, would entitle the Defendant to judgment.    For under the pleadings the Plaintiffs must show a joint interest in the boat, and entire ownership by them, and a failure to do this would defeat the action.

The subject of *estoppels in pais* is fully discussed in *Doe vs. Oliver* (*Duchess of Kingston's case*), 2 *Smith's Lead. Cas.* 435, and it is only necessary to advert to the principle there stated, and which may be considered as the settled law upon the sub-

ject. As to what constitutes an estoppel, the statement of Lord Denman is in that case cited with approval, as given in 6 *Ad. & Ell.* 475, as follows : " The rule of law is clear, that where one, by his words or conduct, wilfully causes another to believe in the existence of a certain state of things, and induces him to act on that belief, so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time." And in *Dazell vs. Odell,* 3 *Hill* 219, the same rule in substance is recognized, Bronson, J., stating that to constitute an *estoppel in pais* as against a party, there must be, 1st, an admission inconsistent with the evidence which he has proposed to give, or the title or claim which he proposes to set up; 2d, an action by the other party upon such admission ; 3d, an injury to him, by allowing the admission to be disproved.   See also *Phil. on Ev.* 1, *p.* 360; *Greenleaf on Ev.* 1, *Sec.* 207; 8 *Wen.* 480; 23 *Wen.* 222; 9 *Cow.* 277; 16 *Maine* 146.  If the jury should find that Hebert did in fact make the statement that Foret owned an interest in the boat, at the time the officer came to make the levy, and that the officer acted upon such statement in making the levy, then I think the case falls within the rule above laid down, and that he cannot be permitted on the trial to show a state of facts inconsistent with such statement to the Deputy Sheriff.   Having induced the Defendant to levy upon the boat by such representation, it would be manifestly unjust to permit him now to turn round, and show that his statement was untrue to the prejudice of the Defendant.   He is justly estopped from setting up a title to the boat, to the exclusion of that of Foret.

It is claimed by the counsel for the Respondents, that under the Code an *estoppel in pais* should be pleaded, in order that it may be given in evidence.   It is not claimed, nor is it true, that this was necessary under the old system of pleading.   Nor do I find, either on principle or authority that such pleading is required under the Code.   The principles of pleading under both systems are the same.   The *facts* upon which the parties relied, were not less required to be pleaded under the old system than under the new.   The *fact* necessary here to be pleaded and proved is, that Foret owned an interest in the boat, and

as to Hebert, it is one and the same thing, whether the Defendant shows the allegation to be actually true, or that the Plaintiff himself at a certain time, admitted it to be true, for the result is the same in the eye of the law. It is in effect, making the declaration of the Plaintiff conclusive proof of the allegation in the answer, and the pleading of the statement of Hebert, would in fact, be pleading the proof, which, under any system, would be bad. Hebert cannot object that a fiction of law (as it is termed by counsel) is pleaded, for as to him, it is true.

Assuming the estoppel to be found against Hebert, it remains to consider its effect upon the parties to the action. It may be remarked that there was evidence sufficient for the consideration of the jury as to whether both Plaintiffs were not estopped by the declarations of Hebert. If it shall be found that Auger was present, heard and understood the statements of Hebert with reference to the interst of Foret in the boat, and made no objection thereto, he would be equally estopped with his co-Plaintiff. But aside from this, how stands the case? The Plaintiffs sue as joint and sole owners of the boat. The separate interest of either is not stated, and is not in issue. Hebert, it is true, cannot by his statements prejudice the interest of Auger, unless the latter has in some manner assented to or ratified them. But he may prejudice his own, and place himself in such a position that his interest may be levied upon and sold as that of Foret. Auger, by joining Hebert with him, as Plaintiff, has admitted that the latter owned a share in the boat, and if that share, or any part of the same, may be taken as that of Foret, Auger is estopped from saying that Foret has not an interest. Auger may not necessarily be estopped from showing that Foret has not the interest admitted by Hebert, or that the latter has not as great an interest as that which he stated Foret owned, but he is estopped from showing that neither had any at all. And if the Plaintiffs are estopped from showing that Foret had no interest, then the Sheriff was justified in levying upon the boat. Where an officer has an execution against one part owner of a chattel, he must seize the whole chattel, though he can sell only the interest of the Defendant in the execution.

And this, whether the ownership be by virtue of a partnership relation or as tenants in common. (*Mersereau vs. Norton*, 15 *John.* 179; *Phillips vs. Cook*, 24 *Wen.* 389, 23 *Wen.* 606; *Waddell vs. Cook*, 2 *Hill* 47; *Walsh vs. Adams*, 3 *Denio* 125.) We therefore think the Judge erred in his charge to the jury on this point, and that the judgment below should be reversed and a new trial granted.