Brady, J.
The complaint in this action alleges substantially, that the partner whose interest has been seized under execution, has no interest in fact in the assets of the copartnership, and the plaintiff is willing to refer the subject at once, that it may be investigated and- determined. This seems to me to be a very reasonable mode of procedure, more particularly when, as.in this case, the plaintiff has filed a consent that the reference be proceeded with at once. Injunctions in these cases do not meet with favor from the courts.
In Mowbray v. Lawrence (13 Abbott’s Pr., 317; S. C., 22 How., *308 107), it is said that authorities in this State are adverse to the interference of a court of equity by injunction to restrain the sale of the interest of one partner in copartnership property, on judgment and execution against him, to collect an individual debt; but the refusal to grant the injunction in that case was predicated of the fact that it did not appear by the averments in the complaint that the debtor had no interest which the creditor should be allowed to reach by a sale on his execution. The case of Philips v. Cook (24 Wend., 389), cited by Justice Leonard in the case mentioned, is not, however, an authority against the exercise of the equity power invoked by this action. It was an action of trespass, and the court held that it could not be maintained against the plaintiff for seizing the partnership property to satisfy an execution against -one of the partners, and delivering the property sold to the purchaser. The subject under consideration was elaborately discussed by Justice Cowbn, and the power and practice of courts of equity in such cases to some extent exemplified.
He said there is no doubt of the equitable rule in England, Hew Toik, and most of the States, that though the sheriff may, at law, levy on and sell the right of the individual partner, which shall pass absolutely to the purchaser, yet he takes subject to an account between the partners, which, if it eventuate against him, his purchase may go for nothing; That, however, is his own look out. It is no reason why the creditor should be deprived of his legal right to sell, or the purchaser of his legal right to buy. •
The case of Moody v. Payne (2 Johns. Ch., 548), is not authority, as I understand it, against the exercise of the equity power. The Chancellor seems to have entertained the opinion that the creditor could only sell the interest of the individual partner, subject to the rights of the joint creditors, and not the property itself; the rule being in equity that the partnership accounts- should all be liquidated before- a sale on execution (Watson v. Taylor, 2 Ves. & Bea.; Walter v. Muth, 16 Johns., 107 w), and he expressed the opinion, therefore, that if any sacrifice was made by the sale of the interest of one partner by reason of the uncertainty, it affected only that partner.
It was said by Chief Justice Savage, in Scrugham v. Carter (12 Wend., 134), that if the sheriff by virtue of an execution against one of several partners, takes possession of the property, *309 an action at law does not lie against him. The court from which the execution issued would stay proceedings upon it to give time to have an account taken in equity. In Parker v. Piston (5 Bos. & P., 288), the defendant was one of two partners, and the creditors applied to extend the return of the fieri facias, the object being to prevent the partnership goods from being sold until an account could be taken of the several claims upon them. The court were of the opinion that there was no ground for this interposition; that the safest line of conduct for the sheriff to pursue, was to put some person in possession of the defendant’s property as vendee, leaving him and the parties interested to contest the matter in equity, when a bill might be filed, stating that he had taken possession of the property and praying that it might not be disposed of until all claims were arranged.
In Chapman v. Koops, reported in the same volume of Bos. & P., 289, a similar application was denied, but Lord Alvanley, Ch. J., said, among other things: “ We are desired to restrain the plaintiff’s execution because it is alleged that he stands in the shoes of a partner, who would not have a right to molest the other partners' until all accounts between them had been settled. But if the other partners wish to take advantage of this circumstance, they ought to file a bill in equity against the vendee of the sheriff, or they may buy in the property when put up for sale.
Chambre, J.,
said the short objection to this application is that the court cannot direct a partnership account to be taken without assuming a jurisdiction that does.not belong to it.
The case of Philips v. Cook, supra, being a determination of the right of the sheriff to sell the property of the co-partnership on an execution against one of the partners, and deliver it to the vendee, makes the interposition of equity in a proper case eminently just. The right mentioned does not commend itself to our best consideration. It does not seem to be fair that property owned by several should be taken away on a process against one, where that one, in consequence of his relation to the others, financial and otherwise, may have little or no interest in it. The firm creditors have superior right and equity, and the partners stand in better position towards the property as against each other than the individual creditor. The interest of each is only the share that remains *310 after the partnership accounts are taken. There is little doubt that the right under discussion is one asserted by the courts of law to avoid encroachment upon equity jurisdiction, and it is not the only instance in which the division of jurisdictions, legal and equitable, has led to useless and absurd circumlocution. There is no doubt that equity had ■ the power to interfere in a case like this, and would do so, and since the blending of the different tribunals in one under our present system, there is no reason why a stay should not be granted on an - execution, as stated by Justice Willabd, in accordance with the suggestion of Savage, Ch. J., in Serugham v. Carter, supra.
The plaintiff has, however, brought his action in equity, and alleges that there is nothing to be sold.
Assuming that to be so, it would be very unjust to allow the partnership property to be sold and delivered, leaving the plaintiff to pursue the vendee, .who would not be obliged to give security, and might not only dispose of the property, but be utterly insolvent.
I think there are reasons why the. right to sell and deliver should never have been given. The right to sell the interest, leaving the purchaser to ascertain what it was, and a rule requiring a reference to be submitted to by all partners would have subserved the ends of justice better than the existing rule.
In this case I think the plaintiff entitled to an injunction, and the defendant to the reference which the plaintiff tendered, if they feel disposed to require it at the present stage of the action.