Cheshire,  }
June, 1894. }

## WHITCOMB *v.* CUMMINGS.

An action of covenant by a lessor against an assignee of the term will not operate to release a lessee who promised to stand behind the lessor in such suit, and at whose request it was brought, nor does it limit the lessor to an action on the collateral promise.

DEBT and COVENANT, by lessor against lessee, for rent reserved in a lease under seal. Facts found by a referee. The lease was for a term of five years from April 1, 1873, and contained no stipulation against an assignment or under-letting. The defendant assigned the lease to John W. Starkey, August 8, 1874, by a writing under seal, signed by both him and Starkey, in which the latter agreed to pay the rent, perform the defendant's covenants, and indemnify the defendant against them. Starkey's agent subsequently offered to pay the rent to the plaintiff, who declined to receive it, stating that he recognized no one but the defendant as party to the lease. The defendant then requested the plaintiff to receive rent from Starkey's agent, saying that he would continue liable on the lease. The plaintiff thereupon received rents from the agent, and gave receipts therefor in which he acknowledged receipt of the money for the defendant. All subsequent payments of rent were made by the agent, except a payment of $101 made by the defendant April 17, 1877. After the expiration of the term, the plaintiff frequently requested the defendant to pay the balance due. The defendant did not deny his liability, but urged the plaintiff to collect it of the heirs of Starkey, and applied to Starkey's widow to pay it to the plaintiff. In 1884, at the request of the defendant, the plaintiff brought an action of covenant against the devisees under Starkey's will for the balance due, the defendant promising to stand behind the plaintiff in the suit. In that action (reported in 63 N. H. 607) there was judgment for the defendants.

The referee found for the plaintiff, who moved for judgment. The defendant contended that judgment should be entered for him, because (1) the action of covenant by the plaintiff against Starkey's devisees was an election to treat the defendant's assignee as the lessee, and operated to release the defendant on his covenants in the lease; and (2) the plaintiff's only remedy was upon the defendant's collateral promise to stand behind him in the suit against the Starkey heirs.

*Batchelder & Faulkner*, for the plaintiff.

*Herbert Parker* (of Massachusetts) and *Don H. Woodward*, for the defendant.

BLODGETT, J.    The action in covenant by the plaintiff against the Starkey heirs was not an election by him to treat the defendant's assignee as the lessee, and did not operate to release the defendant from his covenants in the lease.    If that action had been brought by the plaintiff of his own motion, it might perhaps have had the effect claimed for it by the defendant; but the facts clearly show that it was brought at the defendant's request and upon his promise to stand behind it, and that it was solely for his benefit.    In the light of these facts, the plaintiff must be regarded as having been the nominal party merely, and the defendant the real party.    As such, the attempt of the defendant to now set up the technical advantage obtained by him because the action was in the plaintiff's name, is unconscionable and wholly indefensible.    The doctrine of equitable estoppels applies to him with full force.    The principle is, that where one party has by his representations or his conduct induced the other party to a transaction to give him an advantage which it would be against equity and good conscience to assert, he will not in a court of justice be permitted to avail himself of that advantage.    *Insurance Co.* v. *Wilkinson*, 13 Wall. 222, 233; *Drew* v. *Kimball*, 43 N. H. 282, 285,— 80 Am. Dec. 163, and note; *Horn* v. *Cole*, 51 N. H. 287, 292; *N. Y. Rubber Co.* v. *Rothery*, 107 N. Y. 310,— 1 Am. St. Rep. 822, and note; *Cowles* v. *Bacon*, 21 Conn. 451,— 56 Am. Dec. 371, and note; *Caldwell* v. *Auger*, 4 Minn. 217; *Stewart* v. *Commissioners*, 45 Kan. 708,— 23 Am. St. Rep. 746.

The further claim of the defendant, that the plaintiff's only remedy is upon his collateral promise to stand behind the plaintiff in the Starkey suit, is equally indefensible.    The fair and reasonable construction of the promise is, that the defendant would indemnify and save harmless the plaintiff from the costs of that suit; and we so construe it.

*Judgment on the report for the plaintiff.*

All concurred.