WILLIAM JAMES

*v.*

OSCAR STRATTON *et al.*

1. PARTNERSHIP PROPERTY — *interest of one partner subject to levy for his individual debt.* Where personal property is owned in copartnership, or by joint owners, the interest of one of the partners or joint owners in such property, is subject to levy and sale for his individual debt.

2. WITNESS, COMPETENCY — *interest.* An execution was levied upon personal property, when a third party, claiming the property, took it from the officer making the levy, by a writ of replevin. In an action on the replevin bond, in which the title to the property came in question, it was *held* that the defendant in execution was not a competent witness, in regard to the question of title, in behalf of the plaintiff in the action, he being the plaintiff in execution, because he would have a direct interest in subjecting the property to the payment of his debt, thus having a disqualifying interest in the result of the suit, and in favor of the party calling him.

3. But he would have been competent to testify in behalf of the defendant in the action on the replevin bond, he being the claimant of the property, as against the plaintiff in the execution, because in that case the interest of the witness would have been adverse to the party in whose behalf he would be called to testify.

James *v.* Stratton et al.

4. SAME—*former decision qualified.* In the case of *Mowry* v. *Gray* (26 Ill. 414), the defendant in execution was held a competent witness in behalf of the plaintiff in execution, upon the question of the ownership of the property levied upon, because his interest had been released; but in ruling him competent upon general principles, the distinction should have been taken as indicated in this case. The rule laid down in *Clifton* v. *Bogardus* (1 Scam. 32), and *Miller* v. *Dobson* (1 Gilm. 536), is adhered to.

WRIT OF ERROR to the Superior Court of Chicago.

This was an action upon a replevin bond, instituted by William James, coroner, for the use of George Smith and Elisha W. Willard, against Oscar Stratton, John B. Lyon and Albert Morse, with whom was impleaded James T. Hoyt. The case was this: Smith and Willard, having recovered a judgment against Samuel W. Woodward, procured an execution to be levied on what was supposed to be the interest of Woodward in a lot of cattle which, it was claimed, were the partnership property of Woodward and the defendant Stratton. Stratton, claiming that the cattle were his individual property, took them out of the possession of the officer by a writ of replevin.

The suit in replevin was afterwards dismissed for the want of prosecution, and a writ of *retorno habendo* awarded. Stratton refused to return the cattle, and thereupon the officer, for the use of the plaintiffs in execution, instituted this action upon the replevin bond. The defendant pleaded, *first, non est factum ;* and, *second,* that the merits were not tried in the replevin suit, and that the cattle were the property of Stratton, and not of Woodward. The issues were formed and submitted to a jury.

Upon the trial, the defendants introduced testimony, by which it was established that Stratton was the exclusive owner of the cattle levied upon.

The plaintiff then offered to introduce Samuel Woodward, the defendant in the execution, as a rebutting witness, to prove the ownership of the cattle taken in execution at the suit of Smith and Willard against said Woodward. The defendants objected to the witness, on the ground of interest; the court

sustained the objection, and refused to allow him to testify, and the plaintiff excepted.

The jury returned a verdict for the plaintiff for nominal damages only. The plaintiff moved for a new trial, which was denied, and judgment was entered in pursuance of the verdict. The plaintiff thereupon sued out this writ of error. The only question of law arising upon the record is, as to the competency of Woodward, the defendant in the execution, to testify in behalf of the plaintiff in execution, upon the question of the ownership of the property in controversy.

Messrs. HERVEY, ANTHONY & GALT, for the plaintiff in error.

Mr. E. W. EVANS, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The levy under the execution was made under a claim that Woodward and defendant in error, Stratton, were partners, or joint owners of the cattle. If this were true, there can be no question that Woodward's interest in the property was liable to levy and sale under the execution, and the suit in replevin could not be maintained. But if, on the contrary, the cattle belonged alone to defendant in error, he had a right to retain them. It seems to be clear, from the evidence, that Woodward and defendant in error, had undertaken to purchase the cattle on joint account, each to furnish a portion of the funds necessary for the purpose. But it is equally clear, that Woodward failed to furnish his part, and that defendant, on his own account, obtained the necessary means and paid for all of the cattle.

It also appears, that the portion of the cattle contracted for by Baker, was on the joint account of Woodward and defendant in error, and that Woodward, by arrangement, was to send six hundred dollars to Agency City, to pay for his interest in the cattle to be purchased, but after waiting some days, the money failing to come, and the owners refusing to deliver the cattle until they were paid, defendant in error borrowed

the money, paid for them, shipped them in his own name to himself as consignee in Chicago. He paid the freight, and refunded the money borrowed. Nor is there anything in the evidence from which it can be inferred that any portion of the money was furnished by Woodward.

The only evidence of a partnership, was Baker's statement that they informed him in June, 1859, that they were partners. The jury evidently disregarded this as evidence of a partnership, and treated the transaction as a proposition to make a joint purchase, which was not consummated. The only evidence of the partnership was Baker's statement of their admission to him some months previous. There was no evidence of acts or other declarations tending to establish that relation. The jury disregarded his statement, and whilst a different finding might have been more satisfactory, yet the opportunity of the jury, whose province it was to weigh the evidence, was better than ours to determine what credit it was entitled to receive. The fact that defendant in error borrowed the money on his own individual responsibility, paid the freights, shipped the cattle in his own name and to himself as consignee, rebuts the presumption of a partnership, and was, no doubt, considered by the jury as entitled to more weight than the statement of Baker. And we are not prepared to say, that the finding is so clearly against the evidence, as to require a reversal of the judgment of the court below in refusing to grant a new trial.

The refusal of the court below to permit Woodward to testify as a witness on behalf of plaintiff in error, is urged as a ground of reversal. The mere fact that a party is a defendant in execution which is levied upon property, his title to which is disputed, does not disqualify him as a witness on behalf of the claimant of the property. *Clifton* v. *Bogardus*, 1 Scam. 32; *Miller* v. *Dobson*, 1 Gilm. 536. Under this rule, Woodward might have been called by defendant in error; but the question is presented whether the plaintiff in the execution had the right to make him his witness. This depends upon whether he had a disqualifying interest in the event of the suit.

If the property was held liable to levy and sale on the execution, it would pay Woodward's debt to the extent of the proceeds of the sale. If, on the contrary, it was held to be the property of defendant in error, he would still be liable to pay the debt. So that if the suit terminated in one way, his debt would be satisfied; if the other, he would still be liable. His interest, then, was to subject the property to sale on the execution, and it was direct and immediate. And it was clearly a disqualifying interest, sufficient to prevent him from testifying in favor of the plaintiff in execution. The claimant of the property, however, had the right, if he chose to do so, to call him, notwithstanding his interest.

The case of *Mowry* v. *Gray*, 26 Ill. 414, is referred to as authority that the witness should have been admitted to testify. In that case the witness had been released, and was thereby rendered competent. And in so far as he was held competent on general grounds, it was unnecessary to the decision of the case. The former adjudications of this court were also referred to in support of the competency of the witness, which upon examination, are found to lay down the opposite rule. Upon an examination of the cases we are clearly of the opinion that the distinction should have been taken in the case of *Mowry* v. *Gray*, that the defendant in execution was incompetent as a witness for plaintiff in execution, but might be called by the claimant of the property against his interest. We therefore adhere to the rule anounced in the cases of *Clifton* v. *Bogardus* and *Miller* v. *Dobson*. The court below committed no error in excluding this witness from testifying on the trial, and the judgment of that court is affirmed.

*Judgment affirmed.*