**Franz J. Weber, August Lenzen and Martin Bock v. Henry L. Hertz, Coroner, etc., use of James Pease, Sheriff, etc.**

1. REPLEVIN—*Of Partnership Property.*—When the property of a partnership is levied upon, replevin can not be maintained by one of the partners against the officer making such levy.

2. SAME—*Practice in Suits on the Bond.*—In this State, when a

replevin suit is dismissed or the plaintiff therein suffers a non-suit, he may show, in defense of a suit upon the replevin bond, such facts as would establish his right to maintain the suit in replevin, and if it appear in such suit that the replevin could not have been successfully prosecuted, then a *prima facie* right to recover upon the bond is established.

Debt, on replevin bond. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed February 27, 1900.

Statement.—The appellant, Franz J. Weber, received from Albert Zacharias two bills of sale purporting to convey to said Weber certain interest in personal property. The first is dated November 5, 1891, and purports to convey as therein described, said Zacharias' "half interest of restaurant and saloon business carried on and known as Nos. 80 and 82 Fifth avenue in the city of Chicago." The other is dated November 16, 1891, and purports to convey certain goods and chattels therein specifically described, such description concluding with the words "and all other liquors and jugs with contents contained in saloon at premises known as 80 and 82 Fifth Ave."

Said Weber took possession jointly with said Zacharias of said restaurant and saloon business on or about the date of said first bill of sale. Afterward, on November 21, 1891, several judgments were entered against said Zacharias and executions issued thereon. James H. Gilbert, then sheriff of Cook county, by F. Leibrandt, deputy, the same day, and by virtue of said executions, levied upon all the right, title and interest of said Zacharias in all of the personal property contained in said saloon, and took possession thereof. Said Weber thereupon commenced a suit in replevin against said sheriff and his said deputy, and replevied all of the property levied upon. At the trial of such replevin suit said Weber took a non-suit. Thereupon, this suit was brought upon the replevin bond given in said replevin suit, the appellants being the parties who executed such bond. Said Weber was in the possession of

said property at the time the same was levied upon as aforesaid.

Kraft & Rust, attorneys for appellants.

Edgar Bronson Tolman, attorney for appellee.

Mr. Presiding Justice Horton delivered the opinion of the court.

Counsel for appellants, in his printed argument, makes this statement, viz.:

" At the outset we desire to call the court's attention to the fact that it appears from all the testimony, uncontradicted, that Franz J. Weber paid $1,000 to become a copartner of Albert Zacharias, on or before the 5th day of November, 1891."

The material issue is whether or not said second bill of sale is fraudulent and void as against judgment creditors of said Zacharias. The case was tried by the court without a jury, and the finding of the court was against the validity of said second bill of sale. It is not necessary to here formally review at length the testimony upon this question. The trial court saw the witnesses and heard them testify. The finding is not so against the weight of evidence as to justify a reversal of the judgment on that ground.

The second bill of sale being set aside as to the judgment creditors of Zacharias, then, as to such creditors, the interest of appellant Weber in the property levied upon, as stated by his counsel, was that of a copartner; apparently all of the property of the partnership was levied upon. It seems to be conceded by counsel that such is the fact. In such case, and as to such property, replevin can not be maintained by one partner against an officer making a levy upon the interest of the other partner. (James v. Stratton, 32 Ill. 202; Wells on Replevin, Secs. 166 and 167.) No question is presented here as to the rights of firm creditors.

We do not find from the abstract when the judgment was entered in this case. But we see that December 2,

1898, and after the entry of judgment the court entered the following order, viz.:

" The cause coming on again to be heard, the court, on his own motion, orders that the sheriff of Cook county hold whatever sum of money is collected on the judgment and execution issued in this cause until the 2d day of January, A. D. 1899, or until the further order of this court, in order to allow the said defendant, Franz J. Weber, to file a bill in equity to determine his interest, if any, in the money so collected, and to apply for an injunction or such other relief as he may be entitled to in the premises, to which said action of the court in the premises the said plaintiff, by his counsel, then and there duly excepted."

It thus appears that the trial court held that replevin would not lie at the instance of said Weber to recover said property from the sheriff, and that the court sought to so rest the case by staying the payment of the money in the hands of the sheriff that appellant Weber could have the opportunity to proceed in a court of chancery to determine his interest, if any, in the property sold, or the proceeds thereof. That may have been done, so far as appears from this record.

Under the practice and statutes in this State, when a replevin suit is dismissed or the plaintiff therein takes or suffers a non-suit, he may show, in defense of a suit upon the replevin bond, such facts as would establish his right to maintain the suit in replevin. But if it appear in a suit upon such bond that the replevin suit could not have been successfully prosecuted, then the *prima facie* right to recover upon said bond is established. As above shown, appellant Weber could not have maintained his said suit in replevin. There being no other defense made to the suit upon said replevin bond it follows that appellee should recover.

The judgment of the Circuit Court is affirmed.