JOHN GILLHAM, Respondent, *v.* HENRY B. KERONE, Appellant.

1. *Replevin—Execution against copartnership effects, under judgment against insolvent partner—Replevin by solvent partner against sheriff's judgment, for value of property or return thereof.*—Defendant in a replevin suit claimed a lien on the replevied property as constable, by virtue of a levy upon it under a judgment against plaintiff's co-partner. The property was a portion of the partnership assets. In such a case the constable's interest in the property was limited to the execution debtor's interest in the partnership effects, and plaintiff was entitled to show that the interest of the latter was merely nominal and of no value. In these suits, when plaintiff gives bond and takes the property, the jury should find a verdict for defendant for the value of his interest in the property, nominal damages and costs, or for a return of the property, at the election of defendant. (Wagn. Stat. 1026, § 12.) But plaintiff might, by paying off the amount of the lien, retain the property, and defendant would have no alternative but to accept the money if seasonably tendered.

Gillham v. Kerone.

*Appeal from St. Louis Circuit Court.*

*Woerner & Kehr,* for appellant.

I. The existence of the partnership and the rights of the parties under it can not be inquired into in an action at law by one of the partners against the creditor of his co-partner. (Collier on Part., § 298; *id.* 266, § 300; Smith's Merc. Law, 65.) Such evidence is secondary in its nature, and so unreliable that it ought for that reason alone to have been excluded.

II. The verdict was erroneous also for the reason that it refers the question of damages to the interest of defendant in the property replevied. If defendant had the right of possession at all, it was to the whole of it, and not to any fractional or undivided part; and if defendant was entitled to any damages, it was for the interference with this right of possession.

III. It was gross and palpable error to refuse the alternative judgment. (3 Blackst. Com. 396; 1 Bouv. Inst., § 676; 4 Bouv. Inst., §§ 357–9; Smith v. Williamson, 1 Har. & Johns. 147; Phillips v. Harris, 3 J. J. Marsh. 131–2; Smith v. Winston, 10 Mo. 299; Reed, Guardian, etc., v. Wilson & Garner, 13 Mo. 28; Wiley v. Maddox, 26 Mo. 77; Collins v. Hough, *id.* 149; Hohenthal v. Watson, 28 Mo. 360; Hansard v. Reed, 29 Mo. 472; Dilworth v. McKelvy, 30 Mo. 149; Baldwin v. Dillon, *id.* 429; Pope v. Jenkins, *id.* 528; Reeves v. Reeves, 33 Mo. 29; Fallon v. Manning, 35 Mo. 271; Frei v. Vogel, 40 Mo. 149 *et seq.*)

*Ewing & Holliday,* for respondent.

Where the plaintiff has an interest in the property seized, judgment should not be rendered in favor of the defendant for the return of the property or the payment of the entire value of the property, but the value of the interest of the defendant in the property should be assessed, and judgment should be rendered in favor of the defendant for the value so assessed, or the return of the property until such value be paid, at the option of the defendant. (Dilworth v. McKelvy, 30 Mo. 149; Fallon v. Manning, 35 Mo. 271; Frei v. Vogel, 40 Mo. 149.)

Gillham v. Kerone.

CURRIER, Judge, delivered the opinion of the court.

This is a replevin suit brought by the plaintiff, as general owner, against the defendant, who claims a lien upon the replevied property, in virtue of an execution levy upon it in a proceeding against the plaintiff's co-partner. The property was turned over to the plaintiff under the usual order in such cases. The main question for consideration arose at the trial upon objections to a portion of the plaintiff's testimony. It appeared that the defendant was an acting constable, and that, as such, he levied an execution against the plaintiff's co-partner upon the replevied property. This property constituted a portion of the partnership assets of a firm which was composed of the plaintiff and the execution debtor. The plaintiff offered evidence tending to show that the capital of the firm was contributed by himself exclusively; that the firm business had not been prosperous, and that the execution debtor's interest in the firm assets was merely nominal and of no value. The evidence was admitted over the defendant's objection, and the question is thus raised whether it was competent for the plaintiff, under the issues in the case, to show the facts proposed to be given in evidence. It was objected that the evidence was irrelevant to these issues, and that it was admissible only in a chancery proceeding by or against one or both of the parties composing the firm.

The ground assumed by the defendant in reference to the admissibility of the testimony is not in harmony with the spirit and tendency of the prior decisions of this court. In Dilworth v. McKelvy, 30 Mo. 149, it was definitely settled, and upon very mature consideration, that in a replevin suit by the general owner against a party having only a special interest, which is the situation of the defendant in the present suit, the recovery by the special owner against the general owner must be limited to the amount of the special owner's particular interest. In the case at bar, the defendant's special interest is limited to and can be no greater than was the interest of the execution debtor in the partnership effects. From these premises it would seem to follow as a matter of necessity that there must be some method of ascer-

taining in the replevin suit itself the extent and value of the interest of the execution debtor in the firm assets. Dilworth v. McKelvy decides, without stating particularly the mode of proceeding, that in order to ascertain the true amount or value of the special owner's interest, it is competent, in the replevin proceedings, to state an account and settle the rights of the parties in a maritime general average. On this subject the court say: " It is not necessary, nor perhaps proper, that we should anticipate the action of the court on these questions in another trial; nor do we apprehend that there will be any serious difficulty in adjusting the rights of the parties on just principles. * * * An application of the principles upon which general average has been allowed in cases of sea-going vessels, would make the case proved upon the trial a proper one for contribution." The case therefore decides that matters of general average are subject to investigation and adjustment in a replevin suit, notwithstanding the form of the issues and the provisions of the statute; and if a general average may be adjudicated in a replevin suit, why not also matters affecting the rights of the members of a commercial partnership, as they stand connected with the rights and interests of third parties? The former is quite as difficult a subject to deal with in a court of law as is the latter, and falls equally within the jurisdiction of a court of chancery. (1 Sto. Eq. Jur., §§ 490–1.) All the objections urged against the evidence offered by the plaintiff in the case at bar, would apply with equal force to the evidence which it would be necessary to employ in passing on a case of general average under the rules and principles of the maritime law. The decision, therefore, in Dilworth v. McKelvy is a substantial answer to these objections. So far as any principle is involved, there is no substantial difference between the two cases — nothing on which to found a rule distinguishing in principle the one case from the other.

We are, moreover, quite satisfied with the law as expounded in the Dilworth case. It accomplishes the ends of substantial justice. The rule which permits the creditor of an insolvent member of a firm to seize upon the firm assets to satisfy a private indebtedness is ever liable to operate with harshess and severity upon the rights

and interests of the solvent partners. Their rights are to be respected. It would be unjust to subject them to any unnecessary risk or inconvenience. The law gives them the privilege of regaining possession of the firm effects, when taken from them on account of an indebtedness in which they are not interested, by proceedings in replevin, and by giving the requisite replevin bond — the bond taking the place of the goods. But this privilege would be barren and worthless if the plaintiff in the replevin suit were bound at its conclusion to restore the property or pay the full amount of their insolvent associate's execution indebtedness, independently of the measure and extent of his interest in the firm. It would seem to be but the plainest justice to the solvent parties that the value of their insolvent associate's firm interest should be ascertained and settled before they should be required to contribute from the partnership effects to the payment of his private debts. Moreover, it is for the benefit of all parties that the value of such interest should be ascertained prior to a sale, in order that it may be made available for what it shall be found to be worth, if anything — thus averting a sacrifice of it at a sale made in ignorance of its value. This would alike protect and promote the just interests of the execution creditor and his debtor, and shield the solvent partners from oppression and injustice.

The defendant, however, makes the further objection that the testimony of the members of the firm, by whom the value of the execution debtor's supposed interest in the firm assets was sought to be shown, was secondary in its character, and insists that for that reason it ought to have been excluded. The execution debtor's interest in the firm, and its value or want of value, were facts to be proved like other facts. The partners were competent witnesses, and we see no objection to their testimony. If the defendant desired the production of the books and papers of the firm, he should have called for them. They were proper instruments of evidence, and it might be for the convenience of the parties and the court to have sent this branch of the case to referees to state an account. But this was not done.

Under the instructions of the court the jury found a verdict for the defendant, and assessed the value of the replevied prop-

erty at $200, and the defendant's (the insolvent partner's) interest therein at one cent. Upon this verdict the court rendered judgment in favor of the defendant, to recover of the plaintiff and his sureties one cent and costs. This judgment was erroneous, and for that reason must be reversed. It should have been for the value of the defendant's interest in the property, nominal damages and costs, or for a return of the property, at the election of the defendant, as the statute requires. (Wagn. Stat. 1026, § 12.) It would, nevertheless, be the right of the plaintiff, if he chose to exercise it, to pay off the amount of the lien and retain the property, and the defendant would have no alternative but to accept the money if seasonably tendered. But, as Judge Napton observes in Dilworth v. McKelvy, the "plaintiff might not see proper to tender the money; in which event a judgment in the alternative, to be determined at the defendant's option, will give the defendant the advantage of selecting between an execution to enforce a moneyed judgment and the possession of the property."

For the reason stated, the judgment will be reversed; and this court, proceeding to enter such judgment as the Circuit Court should have rendered, directs a judgment in favor of the defendant, against the plaintiff and his securities; that he return the property taken, or pay the assessed value thereof (one cent), at the election of the defendant, together with nominal damages (one cent) for the taking and detention of the property, and cost of suit, including the costs of this appeal. The other judges concur.