### IN THE

# SUPREME COURT OF JUDICATURE

### OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1875, IN THE
SIXTIETH YEAR OF THE STATE.

———————•———————

## BRANCH v. WISEMAN.

REPLEVIN.—*Pleading.—Evidence.—Partnership.*—In an action for the recovery of the possession of personal property, the defendant may, under an answer of general denial, prove that he is a constable and holds the property as such by virtue of a levy made thereon by him under an execution in his hands issued on a judgment against a third person, and that the property is owned by the plaintiff and such third person jointly as partners; and under such facts the plaintiff cannot recover.

SAME.—*Form of Verdict and Judgment.*—The plaintiff in an action for the recovery of the possession of personal property cannot complain of a verdict and judgment against him therein because they do not provide for a return of the property taken under the writ.

From the Hamilton Circuit Court.

*J. W. Evans* and *R. R. Stephenson*, for appellant.

*T. J. Kane* and *A. F. Shirts*, for appellee.

BIDDLE, C. J.—Replevin by appellant against the appellee for forty-three hogs. A demurrer was overruled to the complaint, and exception taken, but it is so plainly good that

we need not notice it further or more particularly. The property was replevied and delivered to the appellant. The appellee answered by a general denial.

A trial by jury was had, and a verdict rendered in the following words:

"We, the jury, find for the defendant, and that the property levied upon by him was of the value of forty-one dollars, and that he is damaged in the sum of twenty-five dollars."

Proper motions, exceptions, and appeal bring the case before us.

During the trial, the appellee, over objection and exception, introduced to the jury a judgment rendered by a justice of the peace against Michael Mara and A. McKenzie, in favor of William Stephens, an execution issued thereon and delivered to appellee, a constable, a levy made thereby on the interest of Michael Mara in the hogs in suit, and possession taken under the levy; also, evidence tending to show that appellee was a constable, and that the hogs were owned by the appellant and Michael Mara as equal partners. The appellant thinks, because there was no special answer setting up these facts, that the evidence was improperly admitted. We are of a different opinion. Under a general denial, a defendant in replevin may show title in a third person, or introduce any competent evidence tending to prove that the title is not in the plaintiff. *Noble* v. *Epperly*, 6 Ind. 414; *Davis* v. *Warfield*, 38 Ind. 461; *Kennedy* v. *Shaw*, 38 Ind. 474; *Thompson* v. *Sweetser*, 43 Ind. 312; *Sparks* v. *Heritage*, 45 Ind. 66.

The plaintiff in replevin must recover on the strength of his own title, with the right to immediate possession, and not upon the weakness of the defendant's title or right to possession. Proof of a joint ownership of the plaintiff with the defendant as partners is not sufficient. *Noble* v. *Epperly*, 6 Ind. 414.

Whatever property Mara had in the hogs levied on by the appellee as constable, was a sufficient qualified property in

Branch *v.* Wiseman.

him to defeat the claim of the appellant in the same hogs, as partner of Mara. In an action against one of the partners, the officer must seize all the goods, because the moieties are undivided, for if he seize but a moiety and sell that, the other partners will have a right to a moiety of that moiety. He must seize the entire leviable property of the co-partnership. He must take and retain custody of the property, for in no other way can he legally execute the writ and sell as much of the interest of his judgment debtor as may be sufficient to satisfy the execution. Such seizure of the whole of the co-partnership property arises from the necessity of the case, just the same as if the party purchases an individual interest in the chattel that is indivisible. He cannot in any other way take possession of the whole. *Burgess* v. *Atkins,* 5 Blackf. 337; *Heydon* v. *Heydon,* 1 Salkeld, 392; *Shaver* v. *White,* 6 Munford, 110; *Skipp* v. *Harwood,* 2 Swanston, 585; *Johnson* v. *Evans,* 7 Man. & G. 240; *Scrugham* v. *Carter,* 12 Wend. 131; *Mersereau* v. *Norton,* 15 Johns. 179; *Moore* v. *Sample,* 3 Alabama, 319; *Walsh* v. *Adams,* 3 Denio, 125; *Jones* v. *Thompson,* 12 Cal. 191; *Remmington* v. *Cady,* 10 Conn. 44; *Whitney* v. *Ladd,* 10 Vermont, 165; *Goll* v. *Hinton,* 8 Abbott Pr. 120; *James* v. *Stratton,* 32 Ill. 202; *Phillips* v. *Cook,* 24 Wend. 389; *Sanders* v. *Young,* 31 Miss. 111; *White* v. *Jones,* 38 Ill. 159; *Mowbray* v. *Lawrence,* 13 Abbott Pr. 317; *McPherson* v. *Pemberton,* 1 Jones, N. C. 378; *Bernal* v. *Hovious,* 17 Cal. 541; *Waldman* v. *Broder,* 10 Cal. 378; *Hardy* v. *Donellan,* 33 Ind. 501.

In replevin, a qualified property in the defendant as bailee is sufficient to defeat the plaintiff who has the general property in the same thing, unless he has the immediate right of possession as against the defendant, though the plaintiff is the bailor. *Darter* v. *Brown,* 48 Ind. 395.

The appellant also complains of certain instructions given and refused by the court. Upon a casual reading, we do not perceive that they are erroneous; but from the evidence, which is all before us, it is very clear that the appellant had

no right to recover, and therefore very plain that the instructions have not injured him.

The forms of the verdict and judgment are also complained of, because they neither find nor adjudge a return of the property. If this be an error, it is not one of which the appellant can complain.

The judgment is affirmed.