HUGH M. SPALDING v. JOSEPH BLACK, *et al.*

1. SEC. 19, CH. 74, OF GEN. STAT., *Construed.* The limitation in section 19 of chapter 74 of the General Statutes, on the use of the name of the special partner in actions by and against a limited partnership, extends only to actions respecting the business of the partnership, and does not include actions either *inter sese* or against third parties, brought to enforce individual rights growing out of the partnership.

2. ———— *Quære:* Is not the use or omission of the special partner's name in any action a mere matter of choice?

3. ———— *Sale of Partnership Property on Execution; Trespass; Parties to Action for.* Where an officer with an execution against one member of any partnership, general or limited, levies upon the partnership property, and sells the whole property instead of the execution debtor's interest therein, the remaining partners may treat him as a trespasser *ab initio,* and bring their action against him therefor, and to such an action the execution debtor is not a necessary party.

*Error from Shawnee District Court.*

ACTION brought by *Spalding,* against *Joseph S. Black, Clarence A. Black,* and *S. P. Wade, Sheriff,* to recover damages for the unlawful conversion by defendants of certain goods and chattels belonging to plaintiff. Trial at the December Term, 1875, of the district court, and judgment for the defendants. *Spalding* brings the case here for review. The facts are sufficiently stated in the opinion.

*A. L. Williams,* and *A. B. Jetmore,* for plaintiff in error:

There are two questions for the consideration of the court in this case: 1st, May the plaintiff, Hugh M. Spalding, maintain said action? 2d, Is George W. Crane a necessary party to said action?

1. The question as to whether the plaintiff, Hugh M. Spalding, may maintain said action, involves the construction of §19 of ch. 74 of Kansas statutes, providing for the formation of limited partnerships in said state. This section is as follows:

"SEC. 19. Actions respecting the business of such partnership may be prosecuted by and against the general partner."

The defendants claim that said George W. Crane, being the general partner in said limited partnership, *alone* must prosecute this suit, and that for plaintiff to prosecute said action is in conflict with said statute. This brings us to the consideration of the history and nature of our statute for the formation of limited partnerships. Like those of most all the states of the Union on this subject, ours is copied substantially from the French code of commerce, established in France by ordinance in 1673. The purpose of the law is to encourage and facilitate the trade and commerce of our state, and induce capitalists to embark their capital therein, or a certain part of their capital, by relieving them from the peril attending all partnerships by the common-law-merchant, of losing not only all they have invested in trade, but all they have beside. Hence this statute is made for the exclusive benefit of the special partner, and is a personal privilege which he is at liberty at any time to lay aside, or of which he may be divested for any substantial mistake or omission, or interference contrary to the statutory provisions on his part, when he shall be deemed a general partner, and subject to all the liabilities of such. (Parsons on Partnership, 532; Gen. Stat., ch. 74, § 16; *Hogg v. Ellis*, 8 How. Pr. R. 473; *Medberry v. Soper*, 17 Kas. 369.) As the statute is itself exceptional, it must not be enlarged by construction, and the special partners are general partners in all things excepting those as to which the statute expressly limits their liability. (Parsons on Partnership, 535; Gen. Stat., ch. 74, § 21.) But said § 19 provides that only "actions respecting the *business* of such partnership may be prosecuted by . . . the general partner." The suit at bar is *not* "respecting the business" of said partnership, but is to recover damages for the unlawful conversion of plaintiff's property—is respecting plaintiff's individual rights—and does not therefore come within the scope of said § 19. We submit, therefore, that the statute does not prevent plaintiff from maintaining said suit; and unless prohibited by the common law, he may maintain said action.

It will be observed, as defendants have alleged in the said second defense in their answer, that the defendant, S. P. Wade, as sheriff, in virtue of an execution sued out from a judgment against said George W. Crane, for his individual debt, and in favor of the said defendants, and by their order and request, seized and sold the goods and chattels, the property of said partnership, as and for the property of said Crane. That a creditor of an individual partner, upon recovering a judgment against such partner for his individual debt, may by execution enforce satisfaction thereof out of the partnership property, seems to be well settled on principle and authority. But the manner of enforcing such satisfaction, and the nature and extent of the interest of the defendant partner which may be reached thereby, have caused no little controversy. The doctrine, however, as laid down in the books, is, that such creditor may secure to himself, and for his own benefit, such interest which his debtor has in the partnership property. (Herman on Executions, § 355; Parsons on Partnership, 350, 352, 355, 357; Gen. Stat., ch. 80, § 443; *White-Crow v. White-Wing*, 3 Kas. 276; *Swallow v. Thomas*, 15 Kas. 69; *Washburn v. Bank of Bellows Falls*, 21 Vt. 278, 284; *Mallock v. Mallock*, 5 Ind. 403; *Andrews v. Keith*, 34 Ala. 722; *Rodreguez v. Hefferman*, 5 Johns. Ch. 417; *Murry v. Murry*, id. 60; *Delmonico v. Guillaume*, 2 Sandf. Ch. 366; *Moody v. Payne*, 2 Johns. Ch. 584; *Ex parte Smith*, 16 Johns. 102; *Morrison v. Blodgett*, 8 N. H. 244, 254; *Witter v. Richards*, 10 Conn. 41; 18 id. 294; *Rice v. Austin*, 17 Mass. 206; *Douglas v. Winslow*, 20 Me. 89; *Place v. Sweetzer*, 16 Ohio, 142; *Sutdiffe v. Dohrman*, 18 id. 181.)

But the interest which may be thus taken is the surplus interest, after all the partnership debts are paid, being the defendant partner's share upon a division of the surplus, after discharging all demands upon the copartnership, his own debts due the firm, and subject to the right of the other partner. (Herman on Executions, § 356, and authorities under note 1; Parsons on Partnership, 357.) But the sheriff had no right to take possession of the partnership property of said

Crane and Spalding under said execution for the individual debt of said Crane. (*Russell v. Smith*, 14 Kas. 366, and authorities therein cited; Herman on Executions, § 358; *In re Smith*, 16 Johns. 102.) In the sale of Crane's interest in said property, he was eliminated from the partnership; and while the purchaser thereof took the place of said Crane, it was only to the extent of his interest, but did not, and could not, without consent of plaintiff, become a partner; but he and plaintiff became tenants in common, and as such had but one unity— that of possession. (Schouler's Personal Property, 194; *Murry v. Murry*, 5 Johns. Ch. 60.) While Sheriff Wade had the right to sell the interest of Crane in said partnership property, yet he could not disturb the possession and rights of the plaintiff therein. The conversion, therefore, of the plaintiff's interest in said property by the defendants was a trespass, for the redress of which plaintiff may maintain this action, and recover damages to the amount at least of his interest converted. (Schouler's Personal Property, 197, 198; 2 Kent Com. 350, note *g; Meary v. Cahill*, 20 Ill. 214; *White v. Morton*, 22 Vt. 15; Herman on Ex., § 358; *Burgess v. Atkins*, 5 Blackf. 337; *Hogendobler v. Lyon*, 12 Kas. 276; *Williams v. Barnett*, 10 Kas. 455; *Sheperd v. Shelton*, 34 Ala. 652; *White v. Brooks*, 43 N. H. 402; *Bates v. March*, 33 Vt. 122.)

2. The question whether George W. Crane is a necessary party to said action has already, to some extent, been anticipated in the discussion of the first proposition. It is true our code provides that "every action must be prosecuted in the name of the real party in interest." (Gen. Stat., ch. 80, § 26.) We have assumed, however, that the sale by sheriff Wade divested Crane of all interest in said property, and effected a dissolution of said partnership. (Herman on Executions, § 355; Parsons on Part. 350, 352, 357.) We are therefore at a loss to know what interest said Crane has in the subject-matter of said action, that he is a necessary party thereto. But he is not a necessary party to said action. (Schouler's Personal Property, 198, 199; *Hogendobler v. Lyon*, 12 Kas. 276.)

*N. C. McFarland,* for defendants in error:

It seems to be of no consequence in the consideration of this issue what is the history or nature of the statute; nor is it of any importance what interest in the partnership property was secured, or attempted to be secured, or could have been secured, by the judgment and levy of Black & Son. If the levy and sale were a trespass upon the partnership property, the question here, and the only question, is: How and in whose name is the wrong to be redressed, and the remedy sought? And that is settled by statutory enactment.

It is said by counsel that this injury is not "respecting the business" of the partnership; but they best answer their own suggestion, near the close of their argument, by claiming that it was so much "respecting the business" that the business was destroyed, and a dissolution of the partnership effected. Whether the business of the partnership was destroyed, we are not advised; but the levy and sale were, without doubt, an injury to it, and therefore respecting it. But the partnership was not thereby dissolved; for, by its terms, it was not to terminate till January 1st, 1880, and it could only be dissolved in the manner pointed out in § 20 of said act. If a fire had destroyed this property levied on and sold, it might have injured the business but could not have dissolved the partnership; and besides, if the partnership had been dissolved, the business would be closed up in the same way. Nor does it appear that the entire property of the partnership was levied on and sold, or how much capital was put into the partnership by George W. Crane. The property alleged to have been put into the business by Hugh M. Spalding ceased to be his individual property, and yet he is now suing for damages in respect to that property; and probably the only effect of the suit is, that by this interference respecting the business of the partnership, he has, under the provisions of said § 16 (last clause), made himself liable as a general partner.

The facts set forth in the second defense being admitted by

the demurrer to be true, the plaintiff below cannot recover in the action, and the judgment of the district court should be affirmed.

The opinion of the court was delivered by

BREWER, J.: This was an action brought by the plaintiff in the court below, against the defendants, for the recovery of damages for the unlawful conversion by defendants of certain goods and chattels of plaintiff, a description of which is set forth in his petition therein.

The second count or defense by the defendants, set up in their answer to plaintiff's cause of action, is substantially as follows:

"For a second and further defense to said action, defendants say, that on or about the 26th day of September, 1874, the said Hugh M. Spalding and one George W. Crane made an agreement, and reduced the same to the form of a certificate in writing, to enter into and form a limited partnership, which should on the first day of October, 1874, commence the business of stationers, printers and binders, and dealers in blank books and legal forms of every description, and that the said limited partnership should terminate on the first day of January, 1880; which said certificate was duly acknowledged by the said Hugh M. Spalding and George W. Crane on the day of the date thereof; and on the 30th day of September, 1874, the said certificate was verified by the said George W. Crane, filed for record in the office of the county clerk of said county of Shawnee, and by said clerk duly recorded; that by the terms of said contract the said George W. Crane was constituted the general partner of said limited partnership, and the said Hugh M. Spalding the limited partner thereof.

"A certified copy of said certificate, with the exception therein named, is hereto attached and marked 'M,' and made part of this answer.

"Defendants say that the goods and chattels described in exhibits A, B, C, D, referred to in said certificate, are the same goods and chattels referred to and set forth in exhibit A, made a part of plaintiff's amended petition. And defendants further say, that on or about the first day of October, 1874, the said Hugh M. Spalding and George W. Crane,

partners in and as such limited partnership, did commence, and until the commission of the supposed grievances set forth in the amended petition, did continue, to carry on said business in the city of Topeka, in said county, in the name of said general partner, George W. Crane; and that on or about the time stated in the amended petition, the defendant S. P. Wade, as sheriff of said county, holding an execution issued out of this court in the case of Joseph Black and Clarence A. Black, partners as Joseph Black & Son, against the said George W. Crane, at the instance and request of the said Joseph Black & Son, levied the same on the said goods and chattels as the property of the said George W. Crane, and thereupon proceeded to sell said goods and chattels, under levy and by virtue of said execution and levy; and that said levy and sale are the seizing, taking, and carrying-away of said goods and chattels complained of in said amended petition.

"Wherefore, defendants say that the said Hugh M. Spalding cannot maintain this action, and that the said George W. Crane is a necessary party thereto."

To the said second defense of defendants' answer, plaintiff filed a general demurrer, that the same did not state facts sufficient to constitute a defense to plaintiff's cause of action, which demurrer was by the court overruled, to which action of the court the plaintiff at the time duly excepted, and to reverse which he prosecutes his petition in error herein.

Two questions are presented: First, May Hugh M. Spalding, the special partner, maintain this action? and second, If he may, is George W. Crane, the general partner, a necessary party? The first question involves a construction of the statute concerning limited partnerships. (Gen. Stat., p. 601.) The following are the important provisions of the statute bearing upon this question:

Such a partnership may consist of one or more persons who shall be responsible for all debts of the partnership, who are called "general partners;" and of one or more persons who shall contribute a specific amount of capital, and shall not be liable for debts beyond the amount contributed, who shall be called "special partners;" (§ 2.)

The general partners only shall be authorized to transact

business, to sign for the partnership, and to bind the same; (§ 3.)

The business shall be carried on in the name of the general partners only, without any words of addition; (§ 14.)

A special partner "shall not transact any business on account of the partnership, nor be employed for that purpose as agent, attorney, or otherwise;" (§ 16.)

"Actions respecting the business of such partnership may be prosecuted by and against the general partners only, in the same manner as if there were no special partners;" (§ 19.)

"In all cases not otherwise provided for in this act, the members of limited partnerships shall be subject to all the liabilities and entitled to all the rights of general partners;" (§ 21.)

The purpose of this statute was to induce capitalists to engage in mercantile business, by securing to them a limited liability, and relieving them from the peril attending all partnerships by the common law, of losing not only all specially invested in the business, but also their entire property. Provision should of course be made in such a statute to furnish due protection to the public dealing with such a partnership, that, so far as possible, no one should be misled in the credit to be given to it. Nothing was specially necessary as between the partners, for the parties to a private contract could always arrange their rights and liabilities *inter sese.* Protection to the public was sought in two ways — by public advertisement and record, and by excluding the special partner from all apparent connection with the business of the partnership. In this way no one would be misled by appearances; and he who sought actual knowledge would find it in the public records and press. This would seem to furnish adequate protection in all ordinary cases. Pursuing the policy of excluding the special partner from active participation in the management of the partnership affairs, § 19 provides that suits by and against the partnership may be in the name of the general partners only. Some argument may be drawn from the use of the word "may" in this, as contra-

distinguished from "shall" in the other sections, that exclusion from participation in the ordinary management of the partnership business is positive and obligatory, while the omission of his name in litigation as plaintiff or defendant is permissive and a matter of choice.    While a decision of this question is not necessary in this case, and we do not therefore definitely commit ourselves to either side of it, we may say that it seems in harmony with the general policy of the act to exclude the name of the special partner from litigation concerning its business.    The business being carried on in the name of the general partners, any relief the firm may seek in the courts may well be sought in the same name, and as relief against the partnership extends, so far as the special partner is concerned, to only his interest in the partnership, it is unnecessary to join him personally as a defendant.    A judgment against the partnership reaches to the full extent of his liability.    Conceding then, for this case, that when the partnership as a partnership is entitled to relief it must be sought in the name of the general partner, this provision touches no individual rights of either the general or special partner, although such rights grow out of the partnership relation.    For any individual wrongs, the injured partner may seek relief by an action in his own name.    Thus, a special partner may maintain an action in his own name against the general partner for a dissolution of the partnership and the appointment of a receiver, under the same circumstances and for the same reasons that one general partner could against another.    The relief sought is for his individual rights, though those rights spring out of the partnership relation.    The limitation of the statute is only to actions respecting the business of the partnership, i. e., actions to enforce claims due the partnership, to recover its property, to defend against claims against it, etc.    These are actions respecting its business, and to these alone the provision extends.

Now the case at bar is an action to enforce individual rights.    The plaintiff alleges that his property has been un-

lawfully taken from him, and he asks damages therefor. The petition discloses no partnership, asserts individual title, and seeks exclusive damages. True, the answer alleges that the property taken was partnership property. But, if notwithstanding this fact, an individual general partner would have rights which he might assert by separate action, equally so has an individual special partner. And this brings us to the second question — Was the general partner a necessary party? And the question may thus be stated: If an officer, having an execution against one member of an ordinary partnership, levy upon property of the partnership, and sell the whole property instead of the execution debtor's interest therein, is he liable in an action of trespass brought by the other partners? And the authorities, with great unanimity, say that he is; and that to this action the execution debtor is not a necessary party. Many vexed and unsettled questions cluster around the subjection of a partner's interest in the partnership, to the payment of his individual debts. May the officer sell the debtor's moiety of the property, or simply his interest in the partnership? May he take possession of the entire property, and exclude the possession of the other partners? May they have injunction to restrain the sale until an accounting and settlement of partnership affairs? Into a discussion of these questions, it is unnecessary for us to enter. It is clear that the sale works a dissolution of the partnership as to the property sold. (Story on Part., §§ 311, 312.) And where the officer sells the whole, when entitled to sell only the interest of the execution debtor, the other owners may treat him as a trespasser *ab initio*, and maintain their individual action against him. Such an action is not by the partnership, or respecting the partnership business, but is by the individual partners, and respecting their individual rights. *Melville v. Brown*, 15 Mass. 82; *Waddell v. Cook*, 2 Hill (N. Y.) 49; *Walker v. Fitts*, 24 Pick. 194; *Smyth v. Tankersley*, 20 Ala. 212; *Sheperd v. Shelton*, 34 Ala. 652; *Bates v. James*, 3 Duer, 45; *Moulton v. Robinson*, 7 Foster, 550; *White v. Brooks*, 43 N. H. 402;

*Edgar v. Caldwell*, Morris (Iowa), 434; *Neary v. Cahill*, 20 Ill. 214; *White v. Morton*, 22 Vt. 15; *Frisbee v. Langworthy*, 11 Wis. 378; Collyer on Part., § 822; Herman on Ex., § 358.

We close the opinion here, not desiring that the decision shall go beyond the immediate points noticed, and actually necessary for the disposition of the case.

The judgment will be reversed, and the case remanded with instructions to sustain the demurrer to said second count of the answer.

All the Justices concurring.