No. 13,269.

## MILLER v. HUDSON.

REPLEVIN.—*Property Seized Upon Execution.*—*Rights of Replevin Bail.*—The statute authorizes the issuing of an execution against a replevin bail, but it is the duty of the officer to first exhaust the property of the principal debtor; and while the bail may compel the performance of that duty, he can not maintain an action of replevin against the officer to recover possession of property levied upon.

From the Greene Circuit Court.

Miller *v.* Hudson.

*J. D. Alexander* and *H. W. Letsinger*, for appellant.

*A. G. Cavins, E. H. C. Cavins* and *W. L. Cavins*, for appellee.

ELLIOTT, J.—This is an action of replevin prosecuted by the appellant against a constable who had seized his property upon an execution duly issued on a judgment on which he was replevin bail. The action can not be maintained. It is the doctrine of the common law, that a party against whom an execution is issued can not maintain replevin against the officer who levies upon his property. This rule is declared by our statute, but is so modified as to permit the action to be maintained against the officer when the property seized is exempt from execution. R. S. 1881, sections 1266, 1267, 1547.

It has often been decided that an execution defendant can not maintain replevin, except where he shows that the property is not subject to seizure on execution. *Hartlep* v. *Cole*, 101 Ind. 458 ; *McCoy* v. *Reck*, 50 Ind. 283 ; *Dowell* v. *Richardson*, 10 Ind. 573.

The statute expressly provides that the complaint shall show that the property was not seized upon an execution ; or if it fails to show this, it must show that the property was exempt. In the face of this positive statute it is difficult to conceive any plausible theory, much less a sound one, upon which a party against whom an execution is issued can maintain replevin without showing that the property was not subject to execution.

The execution was properly issued against the replevin bail. The statute provides that every recognizance of bail shall have the effect of a judgment confessed, and that at the expiration of the stay a joint execution shall issue. R. S. 1881, sections 697, 698.

Those provisions fully authorized the issue of the execution, and justified the officer in levying it upon the property of the execution defendants, and in that position the replevin

bail stands.   As the law authorizes the execution, the property can not be taken from the possession of the officer by a writ of replevin, although he may not have done his duty in levying it.

It is undoubtedly the duty of the officer to first exhaust the property of the principal debtor subject to execution, and this he can be compelled to do ; but replevin is not the appropriate remedy.  *Elson* v. *O'Dowd*, 40 Ind. 300 ;  *Johnson* v. *Harris*, 69 Ind. 305.

In the cases cited, it was held that the replevin bail was entitled to an injunction, and this, of course, implies that he can not maintain replevin, for it is a settled principle that where replevin will lie, a suit for injunction can not be maintained.

A replevin bail occupies the position of surety ; but he is, nevertheless, an execution defendant upon the judgment he confesses when he enters of record his undertaking as bail. When the execution issues, he becomes an execution defendant as much as his principal, although he is entitled to the rights of a surety.   He is a party to the execution, for it issues against his property as well as against that of his principal, and he can not maintain replevin, although he may have his rights protected and preserved by other remedies.

Judgment affirmed.

Filed May 16, 1888.