No. 13,206.

## WILLIAMS *v.* LEWIS ET AL.

PARTNERSHIP.—*Execution.*—*Sale of Firm Property for Individual Debt.*—*Injunction.*—While the interest of a partner in the firm property may be sold upon execution for his individual debt, specific articles of partnership property can not be so sold, and injunction will lie at the suit of the firm.

SAME.—*Declarations of Partner.*—*Estoppel of Firm.*— *Notice.*—*Tender.*—The declarations of one partner, in the absence of the other members of the firm, that certain property is the individual property of the partner for whose debt it is taken, are not within the scope of his powers as a partner, and do not estop the firm from suing to set the sale aside and to enjoin the removal of the property, which they may do without tendering the money paid by the purchaser; nor can the acquiescence of one partner in the sale of the firm property for the debt of another partner, bind the members of the firm having no notice.

From the Switzerland Circuit Court.

*W. R. Johnston, J. D. Works* and *L. O. Schroeder,* for appellant.

*J. B. McCrellis* and *G. S. Pleasants,* for appellees.

MITCHELL, J.—Complaint by James W. Lewis, Benjamin W. Simmons and James C. Long against John E. Williams to set aside a constable's sale of certain personal property, and to enjoin the defendant from removing property alleged to have been wrongfully sold to and purchased by him at such sale.

It is charged in the complaint that, in February, 1885, the plaintiffs, as partners, under the name of Lewis, Simmons & Long, were the owners of a stationary steam saw-mill, with engine, boiler, carriage-way, trucks, eleven saws, and other attachments complete, all of which were situate in the city of Vevay, Indiana, and that the partnership affairs remained unsettled, the firm being still indebted to divers persons, whose names are set out.

It is averred that a judgment had been recovered against

James W., Lewis, one of the partners, for an individual debt, and that an execution had issued thereon, in virtue of which the constable had seized and sold the engine and boiler, and the saw-frame and eleven saws above mentioned, as the individual property of Lewis.

It is further averred that the only interest which Lewis had in the property so levied upon and sold arose from his being a member of the firm of Lewis, Simmons & Long, and that the only interest Williams had was such as he acquired through the constable's sale above mentioned.

It is averred that Williams and his employees were proceeding to tear down and remove the engine and boiler, and other articles which he assumed to own in pursuance of. the purchase made as above, and that to detach and remove those articles would render the residue of the partnership property practically useless.

It was also charged that the defendant, Williams, was notoriously insolvent. Prayer that the sale be set aside and the defendant enjoined from interfering with the property.

Williams answered, among other defences, that the firm of Lewis, Simmons & Long had ceased to transact business about a year before the sale under which he claimed, and that he was not aware at the time he purchased the property that it belonged to the firm of Lewis, Simmons & Long. He alleged further that, before the execution was issued, Lewis claimed to own the whole of the property, and that he was offering to sell it to Simmons. He charged further that, before he bought the property, the constable to whom the execution was issued called upon Simmons and informed him that he had an execution against the property of Lewis, and that he was about to levy on the property now in dispute, and that Simmons informed the defendant and the constable that the property belonged to Lewis individually, with the exception of a few dollars invested therein by the other partners in the way of repairs.

It is averred that Simmons was in Vevay from the time

of the levy until the day of the sale; that he knew the property was advertised for sale, and that he made no objection, nor gave any notice of the claim of the firm, and that he again told Williams, on the day of the sale, that the property belonged to Lewis individually.

The court sustained a demurrer to the answer, and the propriety of this ruling is made the principal subject of discussion.

That the interest of one partner in the goods or property of the firm may be seized and sold upon execution for his individual debt, can not be doubted; and it is likewise settled, that, as incidental to the right of sale, the officer may, without interfering with the rights of the other partners, take possession of the interest seized, and deliver it to the purchaser, who takes subject to the rights of the other partners, and to the contingency that an accounting may show that he took no beneficial interest by the purchase. The purchaser can not acquire specific articles of property at such a sale; but, if the creditor of one partner sells his debtor's interest in the firm property, the purchaser may ultimately obtain any surplus that may remain after the firm creditors are paid, and the partnership accounts fully adjusted. *Ex Parte Hopkins*, 104 Ind. 157; *Deeter* v. *Sellers*, 102 Ind. 458; *Donellan* v. *Hardy*, 57 Ind. 393; 2 Lindley Partnership, 690.

Specific articles of partnership property can not be levied upon and sold to satisfy the individual debt of one partner, and when the officer, instead of selling the whole interest of the execution debtor, sells the whole of certain specified articles of property belonging to a firm, the other owners may treat him as a trespasser, and may enjoin the sale or the delivery of the articles so sold. *Stumph* v. *Bauer*, 76 Ind. 157; *Branch* v. *Wiseman*, 51 Ind. 1; *Moore* v. *Pennell*, 52 Maine, 162 (83 Am. Dec. 500, and note); *Spalding* v. *Black*, 22 Kan. 55; *Atkins* v. *Saxton*, 77 N. Y. 195; *Miner* v. *Pierce*, 38 Vt. 610; 2 Lindley Partnership, 690.

Without disputing the propositions above stated, it is con-

tended on appellant's behalf that the declarations made by Simmons, one of the partners, to the effect that the property levied upon and sold was the individual property of Lewis, estopped the former from afterwards asserting, as against the appellant, who bought on the faith of his declarations, that it was the property of the firm.   It is insisted, moreover, that notice to Simmons that the property was about to be sold as the property of Lewis was notice to the firm, and that his acquiescence in the sale, and his declarations in respect to the title, not only estopped him, but the firm of which he was a member, as well.

It appears from the pleadings that both Lewis and Long were out of the State at the time, and had no knowledge of the levy and sale ; that, although the firm had ceased carrying on its business, the debts had not yet been paid, nor the partnership account settled, nor the partnership property disposed of.

It is undoubtedly true that each partner is, in a qualified sense, the agent of his copartners in relation to the business of the firm, and that his acts and declarations in reference to the business in which he is at the time employed, within the scope of the partnership, are the acts and declarations of the firm ; but one partner can not, by his acts or declarations, in the absence of the others, deprive them, or either of them, of their interest in the firm property.   *Rush* v. *Thompson*, 112 Ind. 158 ; *Bays* v. *Conner*, 105 Ind. 415 ; *Hickman* v. *Reineking*, 6 Blackf. 387 ; *Union Nat'l Bank* v. *Underhill*, 102 N. Y. 336 ; *Kaiser* v. *Fendrick*, 98 Pa. St. 528.

The agency which exists between partners pertains only to the business of the firm, and the declarations of one partner which bind the others are such as pertain to, and are made while employed about, the business of the partnership.   *Boor* v. *Lowrey*, 103 Ind. 468 (53 Am. R. 519) ; *Winchester, etc., Co.* v. *Creary*, 116 U. S. 161 ; *Avery* v. *Rowell*, 59 Wis. 82.

Certainly, one partner can not admit away the interest of his copartners in the partnership property, or transfer the

interest of one partner to the individual creditors of the other in the absence of both ; nor can he, by his declarations, make that a partnership transaction which does not appear to be such. *Blaker* v. *Sands*, 29 Kans. 551.

Whatever the motive of Simmons may have been in asserting that the property belonged to Lewis individually, the declaration was not made during the progress and within the scope of the partnership business.

While one partner may, under certain circumstances, in the absence of the others, dispose of the firm property or pledge it for a firm debt, he can not, by an admission in the absence of the other partners, convert that which was the property of the firm into the property of one of its members, and thus divert it from the payment of partnership debts. *Bond* v. *Nave*, 62 Ind. 505.

Neither can one member of a suspended firm, by standing by, estop the other members, who are absent, from asserting their interest in the partnership property.

The present case is not within the principle which ruled *Griswold* v. *Haven*, 25 N. Y. 595 (82 Am. Dec. 380), and cases of that class. As stated in the head-note to that decision, one of a firm of warehousemen falsely represented to a person who advanced money on the faith of the representation, that the one to whom the money was advanced, and to whom he had given receipts in the firm name, had on storage a certain quantity of grain. It was held that where the authority of an agent or partner depends upon some fact outside the terms of his power, and which from its nature rests peculiarly within his knowledge, his principal or firm is bound by his representation, though false, as to the existence of such fact.

The decision in the case cited is controlled by the fact that the representation was made in connection with an act which the partner was authorized to perform, and the fact misrepresented formed part of and was within the power of the

partner whose representation was relied on. Where a party, dealing with one partner in respect to a matter which corresponds in every particular with the business of the firm, relies upon the representation of the partner as to any fact pertinent to the transaction in hand, which rests peculiarly within the knowledge of the partner, the firm is bound.

Declarations made by an agent or partner in response to timely inquiries relating to matters under his charge, in respect to which it is part of his business in the usual course to act or impart information, bind the principal or firm. *Xenia Bank* v. *Stewart*, 114 U. S. 224.

It is, however, no part of the business of partners to enlarge, deny or affect the respective interests of members of the firm in the partnership property by declarations or admissions in the absence of each other. They are not constituted agents for each other for any such purpose. The agency extends merely to the conduct of the business of the firm. *Woodruff* v. *Scaife*, 83 Ala. 152.

It is not to be doubted but that partnership assets may be transferred in payment, or to secure an individual debt of one partner, but this can only be done while the property is in the possession of the owners, and by the consent of all the partners. *Fisher* v. *Syfers*, 109 Ind. 514; *Carver Gin, etc., Co.*, v. *Bannon*, 85 Tenn. 712 (26 A. L. Reg. 785).

Of course, if one, seeing his property about to be levied on as the property of another, disclaims any ownership therein, or stands by and acquiesces in the sale, he will be estopped to assert a title as against an innocent purchaser. But a disclaimer by one partner can not estop the others, unless it is known to and ratified by them, nor can the acquiescence of one bind the others who had no notice. *Caldwell* v. *Auger*, 4 Minn. 217 (77 Am. Dec. 515), is not in conflict with this conclusion.

While the answer may have been good, if no other interest than that of Simmons had been involved, since it was not good as an answer to the complaint by Lewis, Simmons &

Long, as partners, the demurrer was properly sustained. The complaint was sufficient. It was not necessary that the plaintiffs should have tendered the money paid to the constable by Williams. The firm received no benefit from the money. Nor does it make any difference that the plaintiffs had a remedy at law to replevy the property carried away. They have a right to invoke the aid of a court to enjoin the defendant from tearing down their engine and boiler and carrying it away, to the disruption and detriment of their property.

The judgment is affirmed, with costs.

Filed May 29, 1888.