Ferguson et al. v. Day, Sheriff.

Filed December 29, 1892.

---

No. 742.

## FERGUSON EL AL. v. DAY, SHERIFF.

SPECIAL FINDING.—*Sheriff's Return to Execution Incorporated in.—Improper. —Surplusage.*—A sheriff's return to a writ of execution, being merely an evidentiary fact, should, when incorporated into the special findings in a case, be disregarded as surplusage, the province of a special finding being to state the facts and not the evidence.

REPLEVIN.—*When Will Lie.*—*Comprehends Action for Trespass.*—The action of replevin may be maintained where, prior to the adoption of the code, the action of trespass would lie for the taking of personal property.

PARTNERSHIP.—*Execution Against Individual Member.*—*Taking Possession of Entire Partnership Property.*—*Sale of Interest.*—*Redelivery.*—On an execution against a member of a partnership, the sheriff may—without interfering with the rights of the other partners, beyond what is necessarily incident to such proceeding—take possession of the entire partnership property in order to reach the interest of the execution defendant, and, after the sale of such interest so levied upon, deliver the property to the other partners and the purchaser of the interest sold.

SAME.—*Execution Against Individual Member.*—*Levy and Sale.*—*Must be of Entire Interest.*—*Interest, How Determined.*—*Sheriff Trespasser Ab Initio.*— Where an execution is issued against an individual member of a partnership, the sheriff can not, in such case, seize and levy upon specific articles of the partnership property, but the levy and sale must be of the entire interest of the debtor in the partnership property, and an invalid interference with the rights of the other partners makes him a trespasser *ab initio;* and, in such case, if no steps are taken by any of the parties in interest to determine the beneficial interest of the defendant in the partnership property, the sheriff may proceed to sell the apparent interest of the defendant in such property, but in no event can the entire partnership property be sold, and all the proceeds thereof applied to individual indebtedness, in disregard of the interests and rights of the other members.

From the Lawrence Circuit Court.

*M. F. Dunn* and *G. G. Dunn,* for appellants.
*J. Giles, J. A. Zaring* and *M. B. Hottel,* for appellee.

DAVIS, J.—This was an action in replevin, instituted by the appellants, Francis M. Ferguson, Mary Ferguson and Emma Ferguson, as partners doing business under the firm name of Oliver Ferguson & Son, against the appellee Robert Day, as sheriff of Lawrence county, to recover the possession of a large amount of personal property, consisting of horses, mules, harness, wagons, carts, scrapers, plows, and other articles belonging to the appellants, and used by them as such partners in the operation of their business as railroad contractors then engaged in constructing a railroad.

Judgment was rendered in favor of the appellee in the court below.

An appeal was taken by the appellants to the Supreme Court, and the case was by that court, on its own motion, transferred to this court for determination.

No question is presented for our consideration on the pleadings.

The errors assigned by each of the appellants severally, and also by them jointly, are:

*First.* The court erred in its conclusions of law upon the facts found.

*Second.* The court erred in overruling appellants' motion in arrest of judgment.

No motion for a new trial was filed, and the evidence is not in the record.

On account of the large amount of property in controversy, and of the importance of the questions involved, we set out the substance of the special finding of facts in full:

"First, I find that on the 29th day of May, 1890, the firm of Oliver Ferguson & Son was the owner and in possession of the property described in the complaint and set out in Schedule A, and was of the reasonable value of $6,000.

" That on the said 29th day of May, 1890, the said firm of Oliver Ferguson & Son was constituted and made up of the following members: Marion Ferguson, Mary Ferguson and Emma Ferguson, and the said firm, on the said day, owned partnership property in St. Louis, Missouri, Anderson, Indiana, and in Lawrence county, Indiana, in the sum of $17,000; about $6,500 of said property was situate in Lawrence county, Indiana, and $8,000 worth of said property in Madison county, Indiana, and the remainder in the State of Missouri.

" That on the 3d day of May, 1890, Hull & Boswell recovered a judgment in the Lawrence Circuit Court, against one William Ferguson and Marion Ferguson, for $2,500 and costs—the latter being, at the bringing of this suit,

and since November, 1888, a member of the firm of Oliver Ferguson & Son—on an individual indebtedness of said William and Marion Ferguson, and not on an indebtedness of Oliver Ferguson & Son.

"That on said 29th day of May, 1890, an execution had been issued by the clerk of the Lawrence Circuit Court and placed in the hands of the defendant, who was then the sheriff of said Lawrence county, Indiana, and that on said day the defendant, as such sheriff, and by virtue of such execution, levied upon all the property set out in the plaintiffs' complaint, and then took them in his possession and retained the possession thereof until June 7th, 1890, when the plaintiffs took possession of said goods, upon giving bond as required by law, and have since had the possession of such goods * * *.

"That at the time said goods were levied upon, and at the time they were taken and retained by the defendant, they were situate and continued in the county of Lawrence and State of Indiana, during the time they were in possession of the defendant.

"That at the time of the taking possession of said goods by said defendant the plaintiffs were the owners of a steamboat, situate in said Lawrence county, Indiana, of the value of $250, a lot of cement and piling, of the value of $400, and a horse-power, of the value of $100, which were not levied on by the defendant or taken into his possession by virtue of said execution, at the time nor since, by him.

"And that at the time of said levy, on the 29th day of May, 1890, said defendant, as such sheriff, had no knowledge of the existence of said property.

"I further find that the plaintiffs sustained a loss, by the detention of said property, in the sum of $100.

"That at and prior to the time of the levy by said defendant on said goods, he made diligent search for all the partnership property of Oliver Ferguson & Son in Law-

rence county, Indiana, and the execution defendant Marion Ferguson was the owner of one-third interest in said partnership property.

" I further find that, prior to the time of the bringing of this suit, the plaintiffs demanded possession of the property mentioned and described in the complaint, which was refused by the defendant.

"John R. East, *Judge Pro Tem.*"

" As a conclusion of law upon the foregoing facts, I find for the defendant.     John R. East, *Judge Pro Tem.*"

The judgment was that defendant should have return of the property, " or, upon failure, that he recover of the plaintiffs the sum of six thousand ($6,000) dollars," etc.

The sheriff's return copied into the finding (and which we have omitted) can be considered only as a statement of evidence, and has no proper place in the finding of facts in this case.

The facts recited and the statements contained in the sheriff's return should be treated as surplusage, and disregarded in determining whether the conclusion of the law on the facts as found is correct. *Bartholomew* v. *Pierson*, 112 Ind. 430.

On the facts as found by the court, as hereinbefore set out, regardless of the statements contained in the sheriff's return, there are vital questions presented for our consideration, which have been discussed by counsel for the respective parties.

It is well settled that in order to entitle the appellants to recover in this action they must do so on the strength of their own title, and it must appear that they have the right to the immediate possession of the property in controversy. One partner can not maintain an action of replevin against his co-partner. *Branch* v. *Wiseman*, 51 Ind. 1; *Noble* v. *Epperly*, 6 Ind. 414; *Hartlep* v. *Cole*, 101 Ind. 458; *Louisville, etc., R. W. Co.* v. *Payne*, 103 Ind. 183; *Darter* v. *Brown*, 48 Ind. 395.

The authorities cited above also support the proposition that an execution defendant can maintain an action against a sheriff, to recover personal property seized under an execution against him, only in case he shows that the property is exempt from execution. *Miller* v. *Hudson*, 114 Ind. 550.

It is also a well established principle that the action of replevin may now be maintained in all cases where the action of trespass would lie prior to the adoption of the code, for taking away personal property. *Rowell* v. *Klein*, 44 Ind. 290; *Rose* v. *Cash*, 58 Ind. 278; *Hadley* v. *Hadley*, 82 Ind. 95; *Schenck* v. *Long, Sheriff*, 67 Ind. 579; *Moorman* v. *Quick*, 20 Ind. 67.

It can not be doubted that the interest of one partner, in the goods or property of the firm, may be levied upon and sold on execution for his individual debt.

As incidental to the right of sale, the officer may, without interfering with the rights of the other partners, take possession of the entire interest seized, and, on sale, deliver it to the purchaser, who takes subject to the rights of the other partners.

The power of the sheriff to take possession of the entire partnership property is merely incidental to the right to reach the interest of the debtor.

The sheriff, under some circumstances at least, may, for his own security and in order to protect his levy temporarily pending the sale, take possession of the entire property of the partnership, and after the sale of the debtor's interest so levied upon, redeliver the whole of the property, in which he has sold the interest of the execution defendant, to the other partners and the purchaser. *Williams* v. *Lewis*, 115 Ind. 45; *Atkins* v. *Saxton*, 77 N. Y. 195; *Nixon* v. *Nash*, 12 Ohio St. 647, S. C. 80 Am. Dec. 390, and authorities cited in note; *Moore* v. *Pennell*, 52 Me. 162, S. C. 83 Am. Dec. 500, and authorities cited in note; *Branch* v. *Wiseman, supra*.

The sheriff can not, in such case, on execution against one partner only, seize and levy upon specific articles of partnership property. The levy and sale must be of the interest of the debtor in the partnership property.

This follows of necessity, because the partners have no separate title in any part of the partnership property. *Williams* v. *Lewis, supra; Whigham's Appeal,* 63 Pa. St. 194; *Moore* v. *Pennell, supra; Gillham* v. *Kerone,* 45 Mo. 487; *Donellan* v. *Hardy,* 57 Ind. 393.

The sheriff must act in obedience to the law, or he becomes a trespasser *ab initio.*

It is not enough to show a judgment and execution in justification, for it must also be shown that he proceeded in the manner provided by law. *Rutherford* v. *Davis,* 95 Ind. 245; *Jarratt* v. *Gwathmey,* 5 Blackf. 237.

The principle is established by the authorities that where a partnership is composed of three members, and the sheriff, on an execution against one of them, levies on the specific articles of personal property of the partnership as the property of the individual debtor, and seizes and takes into his possession all the goods and chattels of the partnership so levied upon, for sale as the sole and separate property of the individual debtor, in violation and disregard of the interests of the partnership and of the rights of the other members of the firm, he becomes a trespasser *ab initio,* and the three partners composing the firm may jointly maintain an action against him for trespass or in replevin. *Moore* v. *Pennell, supra; Williams* v. *Lewis, supra; Fay* v. *Duggan,* 135 Mass. 242; *Atkins* v. *Saxton, supra; Whigham's Appeal, supra.*

In *Atkins* v. *Saxton, supra,* the court, after stating the proposition that the power of the sheriff in seizing and levying on the interest of the debtor in the partnership property is merely incidental to the right to reach the interest of the debtor, and is to be exercised only as a means to that end, says:

" Consequently, if he exceeds that limit and undertakes to interfere with the rights of the other partners to a greater extent than is necessary to reach the interest of the debtor partner, and dispose of it, as when, instead of selling the interest of the debtor partner, he undertakes to sell the entire property, although his act is nugatory, such interference renders him liable as a trespasser *ab initio.*"

In *Williams* v. *Lewis, supra*, Judge Mitchell, after stating the proposition that the sheriff may seize on execution the interest of the debtor partner in the firm, and that, " as incidental to the right of sale, the officer may, without interfering with the rights of the other partners, take possession of the interest seized," etc., continues to say, " when the officer, instead of selling the whole interest of the execution debtor, sells the whole of certain specified articles of property belonging to the firm, the other owners may treat him as a trespasser, and may enjoin the sale or the delivery of the articles sold."

In that case it was expressly held that the three members of the firm, including the execution defendant, had the right to maintain a joint action to prevent the removal of the mill sold on execution against one of the members.

Although that was not an action in replevin, it is a very instructive case on the questions involved in this appeal.

In *Whigham's Appeal, supra*, three persons formed a co-partnership for the purpose of running and carrying on the business of a portable sawmill. On judgment against one of the partners, an execution was issued, under which the officer levied and sold, not the interest of the debtor in the partnership, but his interest in the mill. On refusal of the other partners to recognize his rights, the purchaser instituted proceedings in equity, asking for the appointment of a receiver and for a settlement of the partnership affairs.

The court, in speaking of the rights of the partners in the partnership property, says :

" Their interest is an incorporeal—intangible thing—a right to an account, and to their share of the balance after all the partnership debts are paid and all equities between the partners adjusted."

The substance of the reasoning of the court in that case was that the purchaser had not acquired any rights, and his bill was dismissed.

It is contended by counsel for appellants, and conceded by counsel for appellee, that it was the duty of the sheriff to have first levied upon and exhausted the property of William and Francis M. Ferguson before levying upon the partnership property, but it is insisted that the return of the sheriff incorporated into the finding shows that the sheriff made search for such property and found none.

Counsel for appellee, in speaking of the levy made by the sheriff, say : " The law would not require that in such case the officer must levy upon an interest greater than the judgment debtor possesses and greater than he can sell; * * * that the officer can only expose for sale and sell the interest of the judgment debtor in the partnership property, subject, of course, to the partnership indebtedness. Why, then, levy on more than can be sold? There is no necessity for such action. That the law would require the officer to make his levy on a greater interest than he can sell is inconsistent, while, on the other hand, it is perfectly consistent, and, in fact, necessary, that he seize and take into his possession all the property, because it is only by so doing that he can carry out his levy and proceed with the sale of the property thereunder ; * * * that the seizure, not the levy, must be of all the partnership property in which the judgment debtor has any interest."

If counsel for appellee are correct in their statements of the law, what is the effect when applied to the facts?

The facts in this case, as found by the court, are in substance that the partnership was composed of three persons; that the firm owned property of the value of seventeen thousand dollars, of which sixty-five hundred dollars was in Lawrence county, eight thousand dollars in Madison county, and the residue in Missouri; that each of the partners owned a one-third interest in the partnership; that judgment was rendered against one of them for twenty-five hundred dollars, on which an execution was issued, and that appellee, as sheriff, "by virtue of such execution, levied upon all of the property ($6,000 in value) set out in the plaintiffs' complaint," as the sole and separate property of the execution defendant, and then took the same into his possession and retained it from May 29th to June 7th, when the plaintiffs, on execution of bond, as required by law, regained it.

It further appears that the specific property so taken on execution against one of the members of the firm was a part of the assets of the partnership, and that the firm owned other property, which is described of the value of seven hundred and fifty dollars, in Lawrence county, which was not levied upon.

There was no effort to levy on the interest of the execution debtor in the partnership effects, or any part thereof. The appellee, so far as the finding discloses, did not take possession of the six thousand dollars in value of the property of the firm on account of a levy on the interest of the debtor therein.

The finding is, in substance and effect, that he levied on the specific property described in the complaint, and took possession thereof, as the sole and separate property of the execution debtor.

It does not appear that any regard was paid to the interests of the partnership or to the rights of the other members of the firm.

Should it be true that the sheriff levied on the whole interest of the debtor in the partnership, or on his interest. in the partnership property described in the complaint, or that he levied " on the undivided interest" of the debtor in the partnership property described in the complaint, as it is claimed the sheriff's return shows, and that the sheriff thereupon seized and took possession of all of said partnership property in controversy temporarily, pending the sale of the debtor's interest therein, not in disregard of the interests of the partnership or the rights of the other members of the firm, but in order to secure the sheriff and protect the interest so levied upon, and that this was all done after the sheriff, on diligent search, had failed to find any individual property belonging to the execution defendants, such facts, so far as they may appear in the recitals in the sheriff's return incorporated in the special finding of the court, and not elsewhere in the finding, can not, for the reason hereinbefore stated, be considered by the court.

The province of a special finding is to state the facts, and not to recite the evidence which establishes the facts.

It is not necessary that the court, at this time, should determine what the effect of such additional facts would be on the rights of the parties in this case.

Counsel for appellee also say : " We think that in fact the real question and only question in the case is whether or not appellants' action in replevin was the proper action to take advantage of the supposed mistakes of the sheriff in his levy."

Conceding the statement of counsel to be true, what must be the result of this appeal?

The case of *Miller* v. *Hudson, supra,* and other like cases, relied on by counsel for appellee, in support of the position that the action of replevin was not the proper remedy for appellants to obtain relief, on the facts stated in the special finding, from the wrongful levy and seizure and unlawful detention of the whole of the specific articles of personal

property, belonging to the partnership, described in the complaint, on the execution against one of the members of the firm, and. for sale thereon to satisfy his individual debt, are not in point.

The cases referred to correctly state the law, but are not applicable to the facts as presented in this case.

In *Williams* v. *Lewis, supra,* in which relief by way of injunction was granted, the right of the partners to maintain replevin was recognized in the following language: "Nor does it make any difference that the plaintiffs had a remedy at law to replevy the property carried away."

The authorities hereinbefore cited support the proposition that the action of replevin was the appropriate remedy of appellants in this case.

It is decided in *Gillham* v. *Kerone, supra,* that in a replevin suit the extent and value of the execution debtor's interest in the firm assets should be determined, and in *Nixon* v. *Nash, supra,* it was held that the proper practice is for either the creditor or some of the partners to file a bill in equity for the ascertainment of the quantity of the interest of the debtor before any sale is actually made on the execution.

This question is, however, not decided, but is merely suggested for the consideration of the parties in interest in the further proceedings in this case. See, also, as bearing on questions in this case, Am. and Eng. Ency. of Law, vol. 17, p. 1336; Lindley on Partnership, vol. 2, pp. 357, 358; Freeman on Executions, section 125; Herman on Executions, sections 355, 357, 358; Story on Partnership, sections 261, 263, 268.

The facts presented in this case not only show that the whole of the property specifically described in the complaint, belonging to the partnership, was levied upon and seized by the sheriff for the individual debt of one of the partners, but, in addition thereto, it appears from the conclusion and judgment of the court below that the entire

value of the whole partnership property so taken by the sheriff was adjudged to belong to appellee, as such sheriff, and he was given judgment therefor in the sum of six thousand dollars.

The only right of the sheriff in such case, on a proper levy on the interest of the debtor, is merely incidental to reaching the interest of the execution defendant, in the partnership property seized by him pursuant to such levy.

The interest of the partner is subject to the rights of the other partners, and also to the contingency that an accounting may show that such execution defendant has no beneficial or valuable interest.

If, in such cases, no steps are taken by any of the parties in interest to invoke the equity powers of the court to adjust the partnership business and to determine the beneficial interest of the debtor in the partnership property, the sheriff may proceed to sell the apparent interest of the execution defendant in the goods and chattels levied on.

In no event, however, can the whole property of the partnership be sold by the sheriff on execution against one member and the entire proceeds thereof applied to the payment of his individual debt, in utter disregard of the interests of the partnership and the rights of the other members.

In such a case—if the levy is duly made on the interest of the execution defendant, the property seized "without interfering with the rights of the other partners," except the annoyance necessarily incident to such procedure, and the proceedings are rightfully conducted by the sheriff, in all respects, in the manner calculated to reach the interest of the debtor only, in the partnership property—the sheriff may ordinarily under such circumstances, pending the sale or pursuant to an order of court, temporarily retain the possession of the entire property; but should the sale by him of the interest of the debtor in the property be prevented, or the property be taken from him, all that the

sheriff or the execution plaintiff would, in any event, be entitled to recover or receive against or from the parties taking the same, would be the value at the time of the levy, of the beneficial interest of the execution defendant in such property on accounting and settlement of the partnership business. *Donellan* v. *Hardy*, *supra*.

Having reached the conclusion that the court below erred in the conclusion of law on the facts as found, we will not further consider the questions which may or may not arise in the future in the case.

The judgment of the court below is reversed, at the cost of the appellee, with instructions to grant a new trial to the appellee, if moved for, and for further proceedings not inconsistent with this opinion; otherwise, to render judgment for the appellants on the special finding of facts. *Western Union Tel. Co.* v. *Brown*, 108 Ind. 538; *Buchanan* v. *Milligan*, 108 Ind. 433; *Bartholomew* v. *Pierson*, *supra*.

Filed January 31, 1893.